Placer County *v.* Astin.

---

# PLACER COUNTY *v.* ASTIN *et al.*

Where the sheriff, as *ex officio* tax-collector, received taxes, and afterwards, on being sued therefor, denied the right of the county to recover the same from him, because the same had been illegally levied by the Court of Sessions : *Held,* that although the Court of Sessions had no power to levy taxes, yet the defendant, being the agent or trustee of the county, was estopped from denying the right of the county to recover.

Under the act of April, 1854, counties have the right of prosecuting and defending actions in the same manner as individuals.

APPEAL from the District Court of the Eleventh Judicial District, County of Placer.

Placer county sued Samuel Astin, and his bondsmen, and for cause thereof proved that Astin, as tax-collector, had received a large sum of money, which he had failed to pay over. The principal defence was that the taxes for that year had been illegally levied by the Court of Sessions, and that he, as tax-collector, would be responsible to the tax-payers for the amount thereof.

Judgment for plaintiff. Defendants moved for a new trial, which being denied, they appealed.

*Myers & Hopkins* for Appellants.

Placer county had no legal capacity to sue, and was improperly made plaintiff. Hunsacker *v.* Borden, decided in this Court at the July Term, 1855; Bos *v.* Seaman.

The revenue laws of 1854, give one cause of action against a sheriff, for refusing or neglecting to make return and settlement with the proper officers, and another for neglecting to pay, etc. Ib., §§ 97, 110.

The Court of Sessions had no power to levy taxes or revenue in any case—hence, there was no legal assessment of taxes for county purposes for said county. Article III of the Constitution of the State of California; section 8 of Article VI of the same; Burgoyne *v.* Board of Supervisors of San Francisco, decided at January Term, 1855; Phelan *v.* City of San Francisco, October Term, 1856.

The plaintiff is neither legally nor equitably entitled to the money claimed in the action, and the tax-payers may compel its repayment to them.

*M. E. Mills, District Attorney,* for Respondent.

As to the capacity of a county to sue, the statute expressly gives the authority. See also McCann *v.* Sierra County, Jan. T., 1857.

The action is brought upon the bond of the officer. But one cause of action is stated. Any number of breaches of the condition might be assigned in complaint.

As to the power of the Court of Sessions to levy the property tax, whether the Court had the power or not, will make no difference in this case.

The complaint charges, and the evidence shows, that Astin received the assessment-roll and collected the taxes as sheriff, and refused to pay the money to the officers of the county for her benefit.

He cannot now say that the tax was illegal. This is a question between the county and her tax-paying citizens. If the tax was illegal, the tax-payers might have objected to paying. There is nothing to show but that the taxes were paid voluntarily. In that event, the sheriff could not be liable to refund. If so paid, the money belonged to the county, and the sheriff is liable for not paying it over.

When the money was collected, that portion which had been levied for county purposes, belonged to the county; she is plainly the party in interest, and the proper party to sue.

Under our statute in regard to parties, the money could be recovered by no other plaintiff.

TERRY, J., delivered the opinion of the Court—BURNETT, J., concurring.

This was an action on an official bond, instituted to recover a certain sum collected by Astin, as sheriff and *ex officio* tax-collector of Placer county, and which he failed to pay over to the county treasurer, as required by law. A jury being waived, the case was tried by the Court, who found that defendant, Astin, was duly elected and qualified as sheriff of Placer county. That the bond sued on was duly executed by the defendants. The Court also found the amount of taxes assessed, the amount collected by Astin, and that after deducting the sum paid into the treasury, and the per centage allowed to the collector, there yet remained in his hands, of the funds so collected as taxes, due the plaintiff, the sum of one thousand three hundred and ninety dollars, for which a judgment was rendered.

The appellant contends—

First, that the plaintiff has no legal capacity to sue.

This point is not tenable. The statute of April, 1854, gives to counties the right of prosecuting and defending all actions, in the same manner and with the same effect as individuals. See Acts of 1854, p. 45; see also Price and Proctor v. Sacramento, July Term, 1856; and Gilman v. Contra Costa County, ib.

The second point is, an objection to the complaint, which, not having been taken by demurrer, cannot be raised on appeal.

The other objection on which appellant seemed chiefly to rely, and to which he addressed the greater part of his argument, is, that the Court of Sessions had no power to levy taxes, or revenue, in any case; hence, there was no legal assessment of taxes for county purposes, and plaintiff is neither legally nor equitably entitled to money claimed in this action, which belongs to those persons from whom defendant, Astin, received it.

There is no doubt of the correctness of this proposition, but the defendant is not in a condition to avail himself of it; having collected the money as the agent, or trustee, of the plaintiff, he cannot deny the right of his principal to receive it.

Judgment affirmed, with costs.