[No. 4994.]

# ROBERT McKEE *v.* MONTEREY COUNTY.

DUTY OF COUNTY TREASURERS.—If a county treasurer, upon his settlement with the Controller of State, is allowed by the latter officer to retain money for official or other services beyond the compensation to which he is entitled, it is his duty to pay such money into the county treasury and turn it over to his successor in office. He cannot claim the money on the ground that the Controller exceeded his authority in making the allowance.

WHAT COUNTY TREASURER IS ESTOPPED TO DENY.—If a county treasurer receives money as belonging to the county, he is afterwards estopped from denying that it is the money of the county.

APPEAL from the District Court, Twentieth Judicial District, County of Monterey.

On the 4th day of September, 1871, the defendant was elected treasurer of Monterey County, and entered on the discharge of the duties of his office on the first Monday in March, 1872. During his term of office he made several settlements with the Controller of State, at the times he paid to the State its proportion of the public money, and, at each of these settlements, he was allowed by the Controller certain sums as his own commissions on the money, and as commissions of the county auditor and the county assessor. The aggregate of these sums allowed him was over eight thousand dollars, and he retained the same in his own possession and credited himself on his books with the same as having been paid to the State Treasurer. This

was an action on his official bond to recover the sum thus allowed him by the Controller. The plaintiff recovered · judgment and the defendant appealed.

*Webb & Wall*, for the Appellant, argued that the statute of 1869–70 did not authorize the State Controller, in making the settlement, to allow any commissions, and that therefore the sum retained belonged to the State and not to the county, and that the case of *Placer County* v. *Astin* was not law; and cited *Brewster* v. *Striker* (2 N. Y. 19 to 41), and *Rheel* v. *Hicks* (25 N. Y. 289).

*M. Farley, District Attorney, and J. K. Alexander*, for the Respondent.

The defendant having collected and received the money as the agent and trustee of Monterey County, he cannot deny her right to receive it. This has been directly decided by this Court, in the case of *Placer County* v. *Astin et al.* (8 Cal. 303), and that case has never been questioned, and is sustained by the case of *People* v. *Jenkins* (17 Cal. 500), where this very question is argued by counsel, and also by the case of *People* v. *Lattimore* (19 Cal. 365), which, in effect, holds that a county treasurer who settles with the State Controller, and has acquiesced in such settlement, must carry it out; and see *Ream* v. *Siskiyou County* (36 Cal. 620). The general principle is that a party who receives money from another for the use of a third, is liable to such third party, and cannot set up any illegality in its payment. (*Bullwinkle* v. *Guttenberg*, 17 Wis. 583; *Mahaska* v. *Ingalls*, 14 Iowa, 6, 170. See also *Woodworth* v. *Bennett*, 53 Barb. 361; N. Y. C. C.; *Graydon* v. *Stone*, 1 Edw. 221; N. Y. Sup. Ct. 1863; *Merritt* v. *Millard*, 10 Bosw. 309; *The Sup. of Rensselaer* v. *Bates*, 17 N. Y. 247; *Day* v. *Southwell*, 3 Wis. 657.)

By the COURT:

1. The appellant, as treasurer of Monterey County, was entitled to a salary of eighteen hundred dollars (Acts 1869–70, p. 167, Sec. 17), and to no other compensation. (Id. Sec. 91.)

2. The appellant having, *as treasurer of Monterey County*, received certain moneys by the allowance of the Controller of State upon settlement had with that officer, it became his duty to hold such moneys as other public funds in the treasury of the county, and to turn them over to his successor in office. He cannot now be permitted to question the correctness of the action of the Controller, through which he received these moneys, nor to claim their custody against his successor in office, the present treasurer of the county of Monterey, on the ground that, in making the allowance, the Controller exceeded his authority. (*Placer County* v. *Astin*, 8 Cal. 303.)

The other question made upon the demurrer was disposed of at the argument.

Judgment affirmed.