STATE v. THOMAS LONG.

*Indictment -- Overseer of Road -- Incumbent of Office.*

One who professes to be the incumbent of an office and performs the duties of the same is estopped from denying the legality of his appointment; *Therefore*, where in an indictment for failure to keep a public road in repair it was proven by *parol* evidence that the defendant professed to be overseer of the road and had in all respects acted as such : *Held*, to be unnecessary to show his appointment by the Court record.

(*State* v. *Cansler*, 75 N. C. 442, cited and approved.)

INDICTMENT against the defendant as Overseer of a Public Road, tried at Fall Term, 1876, of ALEXANDER Superior Court, before *Buxton, J.*

The bill charging that the defendant had neglected to keep the road over which he was overseer in good repair (Bat. Rev. ch. 32, § 41) was found at Spring Term, 1876, and it was in evidence that defendant for three or four years previous to January, 1876, had acted as overseer of this road, occasionally summoning hands to work on it, and that since that date some one else had acted as overseer.

The defendant denied that he was overseer and insisted that the State should produce the order of appointment of the Township Trustees. (Bat. Rev. ch. 104, § § 7-8 )

By consent the question of law was reserved and a verdict of guilty rendered.

His Honor being of opinion that there was no evidence of a *de jure* appointment of defendant as overseer and that the fact that he had acted *de facto* as such was not sufficient to render him liable in a criminal prosecution for mere nonfeasance, decided the point of law in favor of defendant, directed the verdict to be set aside and a verdict of not guilty to be entered. From which ruling the Solicitor for the State appealed.

STATE v. LONG.

*Attorney General*, for the State.
*Mr. R. F. Armfield*, for the defendant.

FAIRCLOTH, J. The defendant was indicted as an over--
seer of a public road for failing to keep it in repair and was
convicted. The ground of appeal is that his appointment
was proved by parol and not by the Court record. The
proof was that he had professed to be overseer for three or
four years, had summoned the road hands and worked the
road repeatedly, in other words had acted as overseer in all
respects except that he failed to keep it in good order at all
times.

It would be better to produce the record in such cases,
but we think the defendant has concluded himself by his
own acts.

He took the benefit of his office by not working as a hand,
and its other emoluments if any there be.

We have held that a Justice of the Peace who assumed
the duties of the office and received the fees belonging
thereto, although he had not taken the oath of office, was
indictable for misbehavior in office. *State* v. *Cansler*, 75 N.
C. 442. And on the same principle we hold that the defend--
ant is liable in the present case.

There is error. Let this be certified to the end that the
Court below may proceed according to law.

PER CURIAM.                    Judgment reversed.