STATE v. THOMAS LONG.

*Overseer of Road—Liability of.*

1. Where one assumes to be overseer of a road and acts as such, he is liable to indictment for failure to keep it in good order.
2. An overseer cannot free himself from the duty imposed by law, by surrendering his order of appointment to the clerk of the board of township trustees; nor is he relieved at the expiration of a year, except by order of the board, on showing his precinct of road to be in the condition required by law. Bat. Rev., ch. 104, § 7.

*(State* v. *Long,* 76 N. C., 254, cited and approved.)

INDICTMENT against the defendant as Overseer of a Public Road, tried at Spring Term, 1879, of ALEXANDER Superior Court, before *Graves, J.*

The facts necessary to an understanding of the case are set out by Mr. Justice DILLARD in delivering the opinion of this court. There was a verdict of guilty; judgment, appeal by defendant.   /

*Attorney General,* for the State.
*Messrs. Folk* and *Linney,* for defendant.

DILLARD, J. On the trial in the superior court from which the present appeal comes, the case states that there was evidence tending to prove that defendant was overseer at and during the summer of 1875, and for several years prior to that time; that in June, 1875, he had summoned hands and worked the road, and about that time the brother of defendant, during his absence from the county, had also warned in the hands and worked the road; when one Pennell, clerk to the board of township trustees and a witness for the state, was on the stand, the defendant on cross-examination proved by him, that about a year or more before he went out of office as clerk to the board, which was in 1876, he handed

to him his order, the justices of the peace of the township being absent at the time, saying it was the only order he had ever had. It is also stated that there was proof on the trial, that the board did not appoint a successor to defendant as overseer until January, 1876, and that the defendant's road was out of order in 1874 and 1875, and until the new overseer was appointed in January, 1876.

Such being the substance of the evidence adduced, the defendant in the course of His Honor's charge asked the instruction, that although the jury should find that defendant had got together hands and worked the road, after surrendering his order, yet if they believed that it was not done as overseer, but as a citizen, and to improve the road to his store, (he being a merchant as it was proved,) these acts done in such capacity would rebut the inference that might otherwise be drawn from them as showing that he was overseer. The court refused to instruct as requested, on the ground that there was no evidence on which to base such instruction, and this refusal is assigned as error.

1. The case was less favorable to defendant on the last trial than on the first trial. On the first trial, the assuming to. be overseer and acting as such, it was held, concluded him and was legally sufficient to fix him with liability to indictment for the non-repair of the road. *State* v. *Long,* 76 N. C., 254. On the last trial, besides the facts in proof on the first trial, the defendant by way of defence showed that he was possessed of, and returned his order of appointment to Pennell, clerk to the board of township trustees, about a year or more before the expiration of his office, which being in August, 1876, would make the return of the order in August, 1875, or possibly earlier in the year. Such possession of the order by the defendant and return of the same established his character and responsibility, not as an overseer *de facto,* but as an overseer *de jure.*

2. The defendant being appointed and notified of his ap-

pointment, as shown by his possession and return of the order, he thereby became overseer, and was liable to perform the duties incident to the place, until he was relieved therefrom by the board of trustees; and this, by express provision of the statute might be not sooner than the end of a year from the appointment; but not then, nor at any later period, except by order of the board on showing his road to be in the condition required by law.    Bat. Rev., ch. 104, § 7.

3. The case states that the order of appointment was delivered by him to the clerk of the board, when the justices of the peace composing the board were not present; and no order of the board relieving the defendant on the condition of his road's being in good order, being passed, the defendant was and continued to be responsible for neglect of duty as an overseer, until his successor was appointed in January, 1876, just as he would have been if he had held his order up to that time.    In this view of the defendant's responsibility as to its extent, notwithstanding the return of his order, his duty was to keep his precinct of road in legal repair with the hands assigned him; and it mattered not what character he supposed himself to fill, whether overseer or citizen, if he failed to perform his duty, it would be unavailing to excuse him even if the jury should find that defendant after the surrender of his order worked the road in June, 1875, as a citizen and from convenience to his customers in getting to and from his store.    Defendant owed the duty to keep his road in repair, and it being stated as a fact in the case sent up that the road was out of repair in 1874 and 1875, notwithstanding the work he claims to have done as a citizen, it was entirely immaterial to submit any inquiry to the jury in the aspect contemplated by the special intructions asked for by the defendant.

In our opinion there was no error in the court below, in

the charge given nor in the refusal to give the instructions requested by the defendant. Let this be certified, &c.

PER CURIAM.　　　　　　　　　　　　　　　　No error.