[No. 9447. Department One. — July 27, 1886.]

THE PEOPLE EX REL. JOHN P. DUNN, STATE CONTROLLER, RESPONDENT, v. CHARLES D. BUNKER, APPELLANT.

IMMIGRATION COMMISSIONER — FEES FOR INSPECTION OF PASSENGERS — STATE MAY RECOVER FROM COMMISSIONER. — The commissioner of immigration of the port of San Francisco cannot justify his refusal to pay into the state treasury the fees collected by him under section 2955 of the Political Code, for the inspection of passengers on vessels arriving in that port from foreign ports, on the ground that the section is unconstitutional and the collections illegal, or because the board of supervisors of the city and county of San Francisco had failed to establish a lazaretto or lepers' quarters as required by the section.

ID. — ACTION TO COLLECT FEES — UNPAID DEPUTIES' SALARIES — ATTORNEY'S FEE. — In an action by the controller against the commissioner to recover the fees so collected, the defendant is not entitled to credit for items alleged by him to be due for unpaid deputies' salaries and attorney's fees in an action against him as commissioner.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The defendant was the commissioner of immigration for the port of San Francisco from January 19, 1880, to March 15, 1883. Between those dates, as such officer, he

collected $40,871.60 from the masters, owners, and consignees of vessels arriving at the port of San Francisco from foreign ports and places, on account of passengers inspected by him on board of the vessels, according to the provisions of section 2955 of the Political Code. On the 1st of February, 1883, the controller demanded of the defendant that he account to him for all moneys so collected, and that he pay into the state treasury the surplus, after deducting his salary and the expenses of his office. This the defendant refused to do; whereupon the controller, proceeding under section 437 of the Political Code, stated an account with the defendant, and after another demand, instituted this action against him. On the trial, there was a written admission filed and put in evidence, which disposed of all questions of account between the defendant and the state, except as to certain credits claimed by him to be due for unpaid deputies' salaries and for the fees of his attorney in an action against him as commissioner to recover the amount of fees paid him under protest. The court disallowed these items, and rendered judgment against the defendant for the amount of the fees collected by him, less his salary and his office expenses actually paid. At the time the demands were made on the defendant for an accounting, no lazaretto or lepers' quarters had been established by the board of supervisors of the city and county of San Francisco, as required by section 2955 of the Political Code. The further facts are stated in the opinion.

*W. W. Morrow,* and *H. G. Platt,* for Appellant.

The law under which the money was collected was unconstitutional, as being an interference with the power of Congress to regulate commerce, and was not valid as a police regulation. Consequently the money did not belong to the state, and the defendant was not obliged to pay it into the treasury. (*Passenger Cases,* 7 How. 283; *Henderson* v. *Mayor of New York,* 92 U. S. 259; *Chy Lung*

v. *Freeman,* 92 U. S. 275.) If the money did belong to the state, the contingency on which it is made payable has not happened, as no lazaretto or lepers' quarters had been established by the board of supervisors. (Pol. Code, secs. 2952, 2955.)

*Attorney-General Marshall,* and *Langhorne & Miller,* for Respondent.

The defendant is not entitled to credit for alleged deputies' salaries and attorney's fees which he has not paid. (*Ramsey* v. *Gardner,* 11 Johns. 439; *Giddings* v. *Searle,* 103 Mass. 311; *Wynkoop* v. *Seal,* 64 Pa. St. 361; *McCroskey* v. *Mabey,* 45 Ga. 327; *Tracy* v. *Swartwout,* 10 Pet. 81; *Elliott* v. *Swartwout,* 10 Pet. 137; *Erskine* v. *Hohnbach,* 14 Wall. 613; *Moore* v. ·*Alleghany,* 18 Pa. St. 55.) A state officer cannot refuse to account and pay over to the state funds .collected by him for public uses, for the reason that the law under which he made the collections was illegal or unconstitutional. (*Placer County* v. *Astin,* 8 Cal. 303; *McKee* v. *Monterey,* 51 Cal. 275; *Commonwealth* v. *Philadelphia,* 27 Pa. St. 492; *People* ·v. *Soloman,* 54 Ill. 461; *Waters* v. *State,* 1 Gill, 302; *O'Neal* v. *School Commissioners,* 27 Md. 344; *Moore* v. *Alleghany,* 18 Pa. St. 55; *Sessums* v. *Botts,* 34 Tex. 335; ·*Williams* v. *Holden,* 4 Wend. 223; *Smyth* v. *Titcomb,* 31 Me. 272; *State* v. *Cunningham,* 8 Blackf. 339; *People* v. *Brown,* 55 N. Y. 180; *Shoemaker* v. *Grant,* 36 Ind. 175; Cooley on Taxation, 497.)

Myrick, J.—Action to recover from the defendant moneys received by ,him, as commissioner of immigration, under section 2955 of the Political Code. The court below allowed the defendant for his salary and office expenses actually paid, and rendered judgment against him for the surplus, with damages and interest as specified in section 437 of the Political Code.

1. The defendant, having assumed to act under a

statute of this state, and having collected moneys according to the letter of that statute, cannot be heard to say that the statute was in conflict with the constitution of the United States, that he was unauthorized to collect them, and that he was not bound to pay them over to the proper officer.   Neither was he authorized to retain the moneys collected in excess of his salary and office expenses if the proper authorities failed to provide a suitable lazaretto or lepers' quarter.   In collecting the money, he assumed to act as a state officer, and as between him and the state, he is bound by that assumption.   (*Placer County* v. *Astin,* 8 Cal. 303; *McKee* v. *Monterey County,* 51 Cal. 275.)   So one who holds himself out as a public officer, or acts as an officer *de facto,* is estopped to deny that he is an officer *de jure,* even on a criminal prosecution for malfeasance in office.   (*State* v. *Stone,* 40 Iowa, 547; *Randall* v. *Dusenbury,* 63 N. Y. 645.)

2. The court did not err in refusing to allow, as items of office expenses, sums not paid to deputies.   It is true, section 2969 was added to the Political Code, as a new section, after defendant received the moneys, but under that section there is full provision for compensation to the deputies if they are or shall be entitled thereto.

3. Under the statute, the defendant cannot retain the money because a person of whom money was collected has instituted an action against him to recover it.   Having collected it, he should have let it take the regular course, viz., payment to the state treasury.

Judgment and order affirmed.

Ross, J., and McKinstry, J., concurred.