State *v.* Duncan.

---

THE STATE *v.* DUNCAN.

[No. 19,026. Filed October 24, 1899.]

CRIMINAL LAW. — *Bribery.* — *Gravel-Road Engineer.* — *Officer De Facto.*—*Indictment.*—A gravel-road engineer appointed, under the provision of the act of 1895 (Acts 1895, p. 143), is an officer *de facto*, although he was not a resident of the county when appointed, and in a prosecution for bribery he will not be permitted to raise the question as to whether or not he was an officer *de jure*.

From the Lawrence Circuit Court.   *Reversed.*

*James A. Zaring, W. L. Taylor,* Attorney-General, and *Merrill Moores,* for State.

*Matson & Giles, Edwards & Edwards* and *Hottell & Lawler,* for appellee.

State v. Duncan.

BAKER, J.—The indictment charges in substance that appellee on October 15, 1897, was a person holding an office of trust and profit under the laws of this State, namely, engineer of gravel roads in Lawrence county, and was duly appointed and acting as such officer; that a certain public road was being graveled under contract duly let by the board of commissioners; that appellee had supervision of the improvement and it was his duty to see that the work conformed to the plans and specifications; that he solicited from the contractor a bribe to influence him to make an untruthful estimate, etc. Motion to quash was sustained, and the State appeals.

The prosecution is under §2009 R. S. 1881 and Horner 1897, §2096 Burns 1894. The part applicable to this indictment reads: "And whoever, being a * * * person holding an office of trust or profit under the laws of this State, * * * solicits or accepts" etc. Appellee claims that the legislature did not lawfully create the office of gravel-road engineer, and that appellee is not shown to be a person who could lawfully fill the office if it were validly created.

The legislature, in providing for the improvement of public highways by the boards of county commissioners, directed that "it shall be the duty of such board of commissioners to appoint a surveyor or engineer, or both if necessary, of such county, if such there be in said county; if not, any that can be procured elsewhere in the State". §6924 Burns 1894, §6924 Burns Supp., §5114ccc Horner 1897. Article 6, §2, of the Constitution provides for certain county officers. Article 6, §3, reads: "Such other county and township officers as may be necessary shall be elected or appointed in such manner as may be prescribed by law." Article 6, §4: "No person shall be elected or appointed as a county officer who shall not be an elector of the county; nor any one who shall not have been an inhabitant thereof during one year next preceding his appointment". Article 6, §6: "All county, township and town officers shall reside

State *v.* Duncan.

within their respective counties, townships and towns." For the purposes of this case, it may be taken as true that appellee is not a resident of Lawrence county, was not an elector thereof when he was appointed, and had not been an inhabit-ant thereof during the year next preceding his appointment.

Under the Constitution, the legislature had ample author-ity to create the office in question. The legislature passed a law undertaking to create the office. The board of com-missioners of Lawrence county, professing to act under that law, appointed appellee. And appellee accepted, qualified, and acted under that appointment. Appellee was therefore an officer *de facto*. *State* v. *Carroll*, 38 Conn. 449; *Leach* v. *People, ex rel.*, 122 Ill. 420, 12 N. E. 726; *Case* v. *State*, 5 Ind. 1; *Smurr* v. *State*, 105 Ind. 125; *State* v. *Gardner*, 54 Ohio St. 24, 42 N. E. 999, 31 L. R. A. 660; *Florez* v. *State*, 11 Tex. App. 102; VanFleet's Col. Att., §§37-41.

Being an officer *de facto*, appellee will not be permitted to raise the question as to whether or not he was an officer *de jure*. Bribery is an offense against public justice. The essence of it is the prostitution of a public trust, the betrayal of public interests, the debauchment of the public con-science. If one admits the doing of the things that produce these results, shall he escape by saying that he had no right to act at all? It would seem passing strange if the conse-quences of one breach of the law might be evaded by show-ing another. If the appointment of appellee violated the Constitution, his acceptance did also.

In 1 Bishop's Crim. Law, §464, the author says: "One indicted for malfeasance in office, can not object that he does not hold the office *de jure;* his acting in it estops him to deny his right thereto".

In *Rex* v. *Borrett*, 6 Carr. & P. 124, the conviction of defendant for embezzlement as "a person employed in the public service of his majesty" was upheld on proof only that he had been acting publicly as a letter-carrier.

In *People* v. *Bunker*, 70 Cal. 212, 11 Pac. 703, Bunker unsuccessfully sought to hold fees, paid him while claiming to act as an officer, on the ground that the statute authorizing their collection was unconstitutional.

In *Creighton* v. *Piper*, 14 Ind. 182, an action by township trustees, on the relation of Farras as road supervisor, was brought against Piper for obstructing a public highway. Before the action was commenced by Farras, he had accepted another public office in the county, and had thereby vacated the office of supervisor of roads. On these facts, Piper's motion to dismiss the action was sustained by the trial court. In reversing the case, the court said: "The result seems to be that, though the officer may be a party to the record, still if the suit concern the public, his title to the office (he being in the exercise of its duties) can not be questioned, unless in a direct proceeding having for its object the contestation of his right to hold the office. * * * Farras evidently had no personal interest. Acting as supervisor, he was not even liable for costs. The suit, having for its object the recovery of a penalty imposed by a public statute, plainly concerned the public, who alone were interested. He must, therefore, so far as he acted in bringing this suit, be held a supervisor *de facto*. It follows that a recovery, in this instance, can not be legally resisted on the ground that his title to the office is defective."

*State* v. *Stone*, 40 Ia. 547. The judgment of acquittal was reversed because the court refused to charge the jury that, if they believed that the defendant was acting county treasurer and while such took the moneys as charged, they should find him guilty.

*State* v. *Cansler*, 75 N. C. 442. Cansler was indicted for taking extortionate fees as justice of the peace. The fact that he was only justice *de facto* was held to be unavailing as a defense.

In *State* v. *Long*, 76 N. C. 254, a *de facto* road overseer was held liable for failure to keep a public highway in repair.

*State* v. *Gardner*, 54 Ohio St. 24. Gardner was indicted for offering a bribe to Joseph Hugill, "a city commissioner of the city of Akron". Gardner demurred to the indictment on the ground that the act creating the office, the duties of which were being performed by Hugill, was unconstitutional and void. It was held that Gardner could not avail himself of the fact that the man he tried to bribe was not an officer *de jure;* and the judgment, sustaining the demurrer, was reversed.

In *State* v. *Maberry*, 3 Strobh. 144, a *de facto* constable was punished for permitting a prisoner to escape.

In *Florez* v. *State*, 11 Tex. App. 102, Florez was sent to the penitentiary for offering to bribe one Lyell who was a deputy sheriff *de facto*.

Judgment reversed, with directions to overrule the motion to quash the indictment.