# MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, RESPONDENT, v. MARTIEN, APPELLANT.

(No. 1,855.)

(Submitted January 12, 1903. Decided February 13, 1903.)

*Taxation—Collection—Officers—Statutes—Constitutional Law.*

Constitution, Article XVI, Section 5, declares that there shall be elected in each county certain officers, among whom shall be a treasurer, who shall be collector of taxes; and Article III, Section 29, declares that the provisions of the constitution are mandatory and prohibitory unless expressly declared otherwise. *Held,* that Political Code, Section 3940, providing that the assessor must collect the taxes on all personal property, when, in his opinion, such taxes are not a lien on real property sufficient to secure payment thereof, is unconstitutional and void; the legislature having no power to vest any person other than the treasurer with power to collect taxes.

*Appeal from District Court, Lewis and Clarke County; Henry C. Smith, Judge.*

APPLICATION by the Mutual Life Insurance Company of New York for injunction against Charles H. Martien, an assessor of taxes, to restrain defendant from collecting taxes from plaintiff. From an order granting the injunction, defendant appeals. Affirmed.

*Mr. James Donovan, Attorney General,* for Appellant.

Portions of the constitution must be construed in connection with the other provisions of that instrument, and such a consruction placed upon the whole as will best accord with its spirit and the intention of its framers, as well as give force and effect to its several parts.    (Cooley on Constitutional Limitations, pp. 69, 71.)

The sovereignty of the state is in the legislative or law-making power, subject only to the express limitations contained in the constitution of the state, and to the limitation created by the delegation of certain powers to the United States.    Such restrictions of the constitution upon the plenary power of the legislature are intended for the protection of the fundamental rights of the citizen, and when such rights are involved are to be strictly construed.    But a liberal rule is to be given the provisions of the constitution with reference to the choice of means to be adopted by the legislature to enable the different departments of the state, county and municipal governments to perform their functions and carry out the purposes for which they have been established.    Furthermore, a solemn act of the legislature is not to be lightly set aside, unless it be clearly in conflict with the superior law.    (*State* v. *Kenney,* 10 Mont. 412, 25 Pac. 1022; *Commonwealth* v. *Hartman,* 17 Pa. St. 118; *People* v. *Burbank,* 12 Cal. 385; *Cohen* v. *Wright,* 22 Cal. 308; *Stockton, etc.* v. *Common Council,* 41 Cal. 160.)

Though part of a statute be unconstitutional and void, the remainder, if unobjectionable, will stand and be enforced.    (23 Am. & Eng. Enc. Law, p. 225, and cases in note 4; *People* v. *Burbank,* 12 Cal. 393.)

Where a party neglects to avail himself of a statutory privilege that affords him a full, complete and adequate remedy, he cannot obtain relief in an equity proceeding.    (*Vantilburg* v. *Black,* 3 Mont. 469; *Boley* v. *Griswold,* 2 Mont. 453; *McCormick* v. *Hubbell,* 4 Mont. 100.)

*Messrs. Toole & Bach,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the court.

The appellant assessor, being about to seize and sell the furniture and certain other personal property in the office of the respondent in order to enforce the payment of taxes for the year 1902,—there not being a lien on sufficient or any real estate to secure such payment,—the district court granted an injunction *pendente lite.* The assessor appeals from the order granting the injunction. The attorney general relies upon Chapter IX, Part III, Title X,—being Sections 3940-3948 of the Political Code.

The only one of the sections comprising the Chapter IX necessary for us to consider is Section 3940, which is as follows: "The assessor must collect the taxes on all personal property when, in his opinion, said taxes are not a lien upon real property sufficient to secure the payment of taxes." The legislature in the said chapter provides that the collection by the assessor may be made by seizure and sale of any personal property of the assessed person at the time of the assessment, or at any time before the second Monday in July.

The respondent maintained, and the court held, that the Act of the legislature, so far as it attempts to confer power upon the assessor to collect taxes, was unconstitutional, and therefore void, as being in contravention of Section 5, Article XVI, of the Constitution of this state, the pertinent part of which is as follows: "Sec. 5. There shall be elected in each county the following officers: One county clerk, who shall be clerk of the board of the county commissioners and ex-officio recorder; one sheriff; one treasurer, who shall be collector of taxes: *Provided,* that no person shall hold the office of county treasurer for more than two consecutive terms; one county superintendent of schools; one county surveyor; one assessor; one coroner; one public administrator.    *    *    *"   The instrument declares that the provisions of this constitution are mandatory and prohibitory unless by express words they are declared to be otherwise.   (Section 29, Article III, Constitution of Montana.)

We see that the people declared in their constitution that they proposed to elect (that is, choose) the man who should collect and keep the money due for taxes. The members of the consti-

tutional convention understood the meaning of the words "treasurer," "collector," and "assessor," and they used the words aptly. A public treasurer is one who receives public moneys, keeps them in his charge, and disburses them upon proper orders. A tax collector is a tax gatherer; he turns the money which he collects over to the treasurer, if he be not treasurer. The constitution provides that the keeper shall be the gatherer. The treasurer shall be the collector. This provision commands the treasurer to collect the taxes, and prohibits the assessor, the coroner, the jailer, the court house janitor, or any other person than the treasurer, from collecting or keeping the moneys, except, of course, after the county collector has so gathered the funds he shall pay the part belonging to the state into the state treasury; the constitution providing, in Section 10 of Article XII, that all taxes levied for state purposes shall be paid into the state treasury. The only reasonable construction of the latter section of the constitution, in connection with a provision that the county treasurer shall be the collector, is that the collector shall collect, and then pay into the state treasury, all taxes levied for state purposes.

Mr. Chief Justice Marshall, speaking of the Constitution of the United States, says: "As men whose intentions require no concealment generally employ the words which most directly and aptly express the ideas they intend to convey, the enlightened patriots who framed our constitution, and the people who adopted it, must be understood to have employed words in their natural sense, and to have intended what they have said." (*Gibbons* v. *Ogden,* 9 Wheat. 1.)

Counsel for appellant invokes the rule that one part of a constitution must be construed in the light of other parts thereof, and cites Sections 4, 11, and 18, of Article XII of our Constitution, as modifying the provision *supra,* which declares that the treasurer shall be the collector. Examination of these sections does not disclose that either by implication or by express words the constitutional convention gave the legislature any power to make anybody but the county treasurer a collector of taxes.

No point is made that the complaint does not state sufficient special circumstances accompanying the attempted wrongful seizure to warrant the issuance of the injunction. As to this we express no opinion.

Said Chapter IX, so far as it attempts to confer any power upon the assessor to collect taxes, is void, being unconstitutional.

The order of the court granting the injunction is affirmed.

*Affirmed.*