STATE EX REL. CITY OF BUTTE, RELATOR, v. WESTON, RESPONDENT.

(No. 1,991.)

(Submitted October 21, 1903.   Decided October 24, 1903.)

*Taxation—City Taxes—Collection—City Treasurer — Duties of County Clerk—Statutes—Constitution.*

1. Political Code, Section 4867 *et seq.*, authorizing the collection of city taxes by the city treasurer, is not in violation of Constitution, Article XVI, Section 5, when the latter is construed together with Article XII, Section 4.
2. Article III, Section 29, of the Constitution (providing that the provisions of the constitution are mandatory and prohibitory, etc.), applies to all parts of the constitution alike.
3. Under the provisions of the Political Code, it is the duty of the county clerk to deliver to the city treasurer the duplicate assessment book required by Section 4867 *et seq.* at the same time the original or duplicate is delivered to the county treasurer, and hence the fact that the board of county commissioners has, under Section 3851, dispensed with the duplicate assessment book, does not prevent the county clerk from furnishing a duplicate for a city, though the original assessment book is to be used by the county treasurer.
4. Under the provisions of the Political Code, the word "similar" in Section 4869 does not require the county clerk to make an affidavit identical with the one required by Section 3845, but merely requires an affidavit covering all the facts showing that the clerk has done his duty in making the copy required by Section 4867 *et seq.*

*Mandamus* by the state, on the relation of the city of Butte, against John Weston, as county clerk of Silver Bow county, to compel respondent to make and deliver to the treasurer of relator a duplicate assessment book as required by Political Code, Section 4867 *et seq.* Writ awarded.

STATEMENT OF THE CASE.

Application for writ of *mandamus.* On October 17, 1903, the application for the writ was presented to the court. The case being exigent, the alternative writ was made returnable and a hearing was had on October 21st. On October 24th judgment was entered for the relator, directing the peremptory writ

to issue, the court stating that it would at a later date deliver a written opinion setting forth the reasons for its action.

In brief, the facts upon which the demand for relief was predicated are the following: The defendant is the clerk of Silver Bow county. The city of Butte is a municipal corporation, which has, in pursuance of Section 4867 *et seq.* of the Political Code, as amended by an Act of the Fifth legislative assembly (Sess. Laws 1897, p. 223), provided by ordinance that its treasurer shall collect taxes levied upon property within the city for city purposes. So far as it is necessary to give special notice to these provisions, they are the following:

"Sec. 4867. It is the duty of the county clerk on or before the first Monday in October in each year to make a duplicate of the corrected assessment book for each city in the county, the treasurer of which is required by ordinance of such city to collect its taxes. Such book shall be styled, 'The Duplicate Assessment Book for the City of ——,' and must contain a copy of the 'Corrected Assessment Book' of the county as far as the same refers to city property.

"Sec. 4868. Such duplicate must be made in a book furnished by the city clerk of each city in the county, and ruled in columns specifying the different funds so that the city treasurer may extend the same and collect the taxes.

"Sec. 4869. The county clerk must deliver such duplicate assessment book to each city treasurer, and take his receipt therefor, having attached thereto the affidavit similar to the one set out in Section 3845 of this Code.

"Sec. 4870. The county treasurers of the counties must collect the taxes levied by all cities and towns in the respective counties, except in case of such cities of the first and second classes as may provide by ordinance for the city treasurer to collect the taxes from such 'corrected assessment book.' "

In obedience to the requirements of Section 4868, the city clerk seasonably, and prior to the first Monday in October of this year, furnished a suitable book to the defendant, and demanded that he make therein a copy of the corrected assessment

book of the property of Silver Bow county so far as the same refers to city property, with the proper affidavit attached, as provided in Section 4869, in order that it might be used by the city treasurer as the duplicate assessment book for the city of Butte for the collection of taxes for the year 1903. With this demand the defendant refused to comply, his refusal being based upon two grounds, to-wit:

(1) That the provisions quoted are invalid, in that Section 5 of Article XVI of the Constitution provides that the county treasurer shall be the only collector of taxes; and

(2) That the Act itself is so vague in its terms, and so much in conflict with other provisions of law upon the same subject, that it cannot be complied with.

*Mr. J. Bruce Kremer,* and *Mr. E. S. Booth,* for Relator.

*Mr. J. E. Healy,* for Respondent.

MR. CHIEF JUSTICE BRANTLY, after stating the case, delivered the opinion of the court.

1.   These provisions are not obnoxious to any constitutional objection. It is true that the section of the Constitution referred to declares that the county treasurer shall be the collector of taxes. In the absence of any other declaration upon the same subject making an exception in express terms or by very strong implication, this general provision would be exclusive. Turning to Section 4, Article XII, of the same instrument, however, we find this provision: "The legislative assembly shall not levy taxes upon the inhabitants or property in any county, city, town or municipal corporation, for county, town or municipal purposes, but it may by law vest in the corporate authorities thereof powers to assess and collect taxes for such purposes." This section in express terms denies to the legislature the power to levy taxes upon the inhabitants or property in any city or town for city or town purposes, but at the same time empowers it to

vest in the corporate authorities power to assess and collect taxes for such purposes.

Article XVI deals with municipal corporations, but has special reference to counties. It does not refer to cities or towns, nor does it contain any provision applicable to them, except that by implication, under Section 6 thereof, the legislature is empowered, within the restriction therein stated as to the length of the term, to provide for the election or appointment of such officers to administer the government of cities and towns as circumstances may require. Article XII deals exclusively with the subject of taxation for state, county and other purposes, including city revenues. The two provisions are readily harmonized by reading them according to their obvious sense. The former declares that the county treasurer shall be the collector of taxes. The latter declares, in effect, that cities and towns shall control the collection of their own taxes if the legislature so wills. The purpose sought to be accomplished by the convention was to constitute the county treasurer the collector of taxes for all purposes, unless the legislature should use the discretionary power granted by way of exception in Article XII to the general provision contained in Article XVI; for there is no other provision touching the subject. The legislature was thus left to grant the power to cities and towns under such conditions as it might impose. In consonance with this idea the provisions of the statute were enacted. The authorities of cities of the classes mentioned, which have by ordinance expressed their desire to do so, may provide for the collection of their own taxes. Otherwise the county treasurer must perform this duty for them. Thus it appears that the two provisions are in perfect harmony, the one being of general application and controlling so long as the legislature did not choose to proceed under the other, and that that body was clearly within its powers in enacting the statute.

Counsel for defendant cite the case of *Mutual Life Insurance Co.* v. *Martien*, 27 Mont. 437, 71 Pac. 470, and contend that the construction there given to Section 5 of Article XVI is con-

clusive of the present contention, and that in view of the statements therein contained, the provisions of law now under consideration must be held invalid or that that case must be overruled. In that case the court had under consideration the question whether it was within the power of the legislature to make the assessor a collector of taxes for county and state purposes. What is there said was said with reference to this question only, and the conclusion reached is that the legislature had no power to do this, inasmuch as the duty of collecting taxes for these purposes is cast exclusively upon the county treasurer, by the Constitution. The provision of Article XII above quoted was not considered, nor is it mentioned in the opinion except to say in effect that it had no pertinency to the controversy involved. If the opinion be examined in the light of what was before the court for determination, it becomes entirely clear that it is not an authority to support the contention of defendant. The rule that the provisions of the Constitution are to be regarded as mandatory and prohibitory, unless by express terms they are declared to be otherwise (Sec. 29, Art. III, Constitution), applies to all parts of it alike, and if anything were said in the case cited which could be construed to uphold the contention made by the defendant, it would certainly violate this rule, because the two sections of the Constitution now under consideration stand upon an equal footing and are to be construed by the same rule of interpretation. The provisions of Article XII are in their terms mandatory and prohibitory, just as are those of Article XVI, and there is no express provision anywhere in the instrument declaring that the provisions of Article XVI are paramount to the provisions of Article XII.

2. It is contended by counsel for defendant that defendant could not perform the alleged duty demanded of him, for the reason that, though it is enjoined by amended Section 4867, *supra,* the provisions of Section 3851 of the same Code render it impossible. Section 3725 directs the form in which the assessor shall make up the assessment book. This book must be so kept that it will appear therefrom what property is within

the limits of cities or towns and what is elsewhere. It must be completed on or before the second Monday in July of each year (Section 3726), and immediately delivered to the clerk (Section 3728). The clerk must then make up the totals from the roll and transmit his statement to the state board of equalization and to the state auditor (Sections 3840, 3841, 3842). When the necessary corrections and additions have been made to it under the direction of the state and county boards of equalization, the clerk must complete the book by extending the tax so that the amount to be paid by each taxpayer for the year will be made to appear (Section 3843). A copy of the book must then be delivered to the treasurer of the county with an affidavit attached (Section 3845), and it then becomes his authority to collect the taxes as assessed (Sections 3860 *et seq.*) The copy delivered by the clerk is styled "Duplicate Assessment Book," the original being retained by the clerk. The board of county commissioners may dispense with the duplicate assessment book; in case it does, the original assessment book is to be used by the treasurer (Section 3851).

At the hearing in this court it appeared that the county commissioners of Silver Bow county had dispensed with the duplicate assessment book, and that the defendant had already delivered the original book to the treasurer. For this reason it was contended that the defendant could not comply with the duties cast upon him by Section 4869 *supra.* The court was of the opinion that the contention was without merit, for the reason that it is the duty of the clerk to deliver to the city treasurer the duplicate contemplated by Section 4867 at the same time the original or duplicate is delivered to the treasurer of the county, and that Section 3851 has no application to the duplicate required to be prepared for the use of city treasurers. The section refers to the duplicate necessary for county uses only,—else cities falling in the class to which relator belongs would be left without the means of collecting any taxes at all. The legislature in the adoption of the Code did not intend any such result, for at the same time at which Section 3851 was

adopted, it adopted Section 5162, which declares that "if the provisions of any title conflict with or contravene the provisions of another title, the provisions of each title must prevail as to all matters and questions arising out of the subject-matter of such title." This provision has application here, because Section 3851 is from Title X, Part III, of the Code which has to do with revenues of the state and counties, while the amended Sections 4867 *et seq.* are from Title III, Part IV, and refer exclusively to the government of cities and towns. The requirements made by Sections 4867 *et seq.* must therefore be regarded as controlling, notwithstanding the provisions of Section 3851. It is a mere quibble to say that the clerk could, through neglect of his duty until the time came for delivery of the original book to the county treasurer, render it impossible to perform his duty with reference to the city treasurer.

It was further contended by counsel that, when comparison is made of the affidavit required of the clerk by Section 3845, with that required of him by amended Section 4869, it is apparent that he cannot make it, for the reason that the former section requires him to state under his oath that he has done certain additions, calculations and extensions which are required under Section 4869 to be done by the city treasurer. It was said that the term "similar" means that he must make the same affidavit in the one case as in the other, or that the requirement is so vague and indefinite that the defendant could not comply with it.

The evident purpose of all the provisions under consideration is that the basis of taxation for state, county, city and town purposes shall be the same, and that the duty of the county clerk in relation to the taxes of cities and towns shall extend no further than to furnish to the authorities of cities to which Sections 4867 *et seq.* apply, the same valuations so far as they appertain to such cities as those used for the state and counties. This being the case, the clerk is required to state under oath, with reference to the book furnished to the city treasurer, nothing more than is necessary to make the fact appear that he has

complied with the law in this respect. The word "similar" does not mean identical in form and substance, but having characteristics in common; that is, that while under Section 3845 the affidavit must cover all the facts showing that the clerk has done his duty in taking the basis furnished by the assessor in entering the authorized corrections and extensions, and in making the copy furnished by him such as is required by law, the one required under amended Section 4869 need go no further than to state the facts necessary to show that the duty required by Sections 4867 and 4868 has been performed. The requirement of Section 4869 is clear and explicit, and there is no difficulty in ascertaining its meaning. For these reasons the court was of the opinion that the relator was entitled to the relief demanded.

*Writ Issued.*

(Submitted October 21, 1903. Decided November 16, 1903.)