(May 27, 1924.)

STATE, Appellant, v. E. T. MALCOM, as Assessor in and for Bingham County, Idaho, and FIDELITY AND DEPOSIT CO. OF MARYLAND, a Corporation, Respondents.

[226 Pac. 1083.]

ACTION ON OFFICIAL BOND—CONSTITUTIONAL LAW—MANDATORY PROVISIONS—SELF-OPERATIVE PROVISIONS—C. S., SECS. 3267 AND 3307—CONSTITUTIONAL OFFICE—STATUTE IMPOSING ADDITIONAL DUTIES—FAILURE TO PERFORM—DEFENSE OF UNCONSTITUTIONALITY—ESTOPPEL—DE FACTO OFFICE.

1. It is an established general rule that constitutional provisions are to be construed as mandatory unless, by express provision or by necessary implication, a different intention is manifest.

2. The provisions of C. S., secs. 3267 and 3307, making it the duty of the assessor to collect certain personal property taxes, and creating a liability on his part for failure so to do, are unconstitutional.

3. A ministerial officer may set up the unconstitutionality of a statute where the nature of his office is such that it is his duty so to do, or where his personal interest is affected by the statute.

4. In a suit for damages for failure to perform duties imposed upon a constitutional officer by an unconstitutional statute, he and his bondsman are not estopped to set up the unconstitutionality of the statute.

5. There can be no *"de facto"* office where the act attempting to create it is clearly repugnant to the constitution.

6. The holder of a constitutional office and his bondsman are not liable on his official bond for failure to perform duties which the legislature has attempted to thrust upon that office by an unconstitutional act.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Ralph W. Adair, Judge.

Action on official bond. Judgment for defendants. *Affirmed.*

Hamilton Wright, for Appellant.

An executive officer of the government has no authority to decline the performance of a purely ministerial duty which is imposed upon him by law on the ground that the law is unconstitutional. (*Threadgill v. Cross,* 26 Okl. 403, 138 Am. St. 964, 109 Pac. 558; *People v. Ames,* 24 Colo. 422, 51 Pac. 426; 1 Cooley on Taxation, pp. 443, 444.)

The collection of taxes is a purely ministerial function. (26 R. C. L. 369; *State v. Kelly,* 27 N. M. 412, 21 A. L. R. 156, 202 Pac. 524.)

When sureties, for the purpose of enabling their principal to assume the duties and enjoy the emoluments of an office to which he has been appointed or elected, execute an official bond containing a recital that the official was duly appointed, or elected, they will not be permitted afterwards, when sued on such bond, to deny the qualifications of the officer or the validity of the act creating the office. (*Blaco v. State,* 58 Neb. 557, 78 N. W. 1056; *State v. Powell,* 40 La. Ann. 234, 8 Am. St. 522, 4 So. 46; *State v. McDonald,* 4 Ida. 468, 95 Am. St. 137, 40 Pac. 312; *People v. Jenkins,* 17 Cal. 500.)

Every law of the legislature, however repugnant to the constitution, has not only the appearance and semblance of authority, but the force of law. It cannot be questioned at the bar of private judgment, and, if thought unconstitutional, resisted, but must be received and obeyed as, to all intents and purposes, law, until questioned and set aside by the courts. This principle is essential to the very existence of order in society. (*State v. Carroll,* 38 Conn. 449, 9 Am. Rep. 409; *Lang v. Mayor etc. of Bayonne,* 74 N. J. L. 455, 122 Am. St. 391, 12 Ann. Cas. 961, 68 Atl. 90, 15 L. R. A., N. S., 93; *Beaver v. Hall,* 142 Tenn. 416, 217 S. W. 649.)

An officer may not dispute the authority or avoid the responsibilities of an office which he has voluntarily assumed. The law of estoppel binds him. (*State v. Spaulding,* 24 Kan. 1; *State v. Dawe,* 31 Ida. 796, 177 Pac. 393; *Placer County v. Astin,* 8 Cal. 303; *State v. Mims,* 26 Minn. 183,

2 N. W. 494; *People v. Robertson,* 6 Cal. App. 514, 92 Pac. 498; *People v. Bunker,* 70 Cal. 212, 11 Pac. 703; *Daniels v. Tearney,* 102 U. S. 415, 26 L. ed. 187; *Greene County v. Lydy,* 263 Mo. 77, Ann. Cas. 1917C, 274, 172 S. W. 376.)

And the sureties on his official bond are likewise estopped. (*Boone County v. Jones,* 54 Iowa, 699, 37 Am. Rep. 229, 2 N. W. 987, 7 N. W. 155; *Church v. Swetland,* 243 Fed. 295; *Sheldon v. Chicago Bonding & Surety Co.,* 190 Iowa, 945, 181 N. W. 282.)

Whitcomb, Cowen & Clark, for Respondents.

"Amendment No. 22, which provides by striking out the words 'who is *ex-officio* tax collector' after the words 'a county assessor' and inserting the words 'and also *ex-officio* tax collector' after the words 'a county treasurer, who is *ex-officio* public administrator,' is self-operative, and became a part of the state constitution upon its adoption by the voters of the state at the general election on the 5th day of November, 1912." (*Cleary v. Kincaid,* 23 Ida. 789, 131 Pac. 1117.)

Sec. 6 of art. 18 of our constitution is mandatory. (6 R. C. L., sec. 50, p. 55; *McDonald v. Doust,* 11 Ida. 14, 81 Pac. 60, 69 L. R. A. 220; 12 C. J. 740.)

"When an office is created by the constitution, it cannot be enlarged or lessened in scope by any statute, or filled in any other manner than that directed by the constitution." (*People ex rel. Ahern v. Ballam,* 182 Ill. 528, 54 N. E. 1032.)

"The legislature, in the absence of special authorization in the constitution, may not abolish a constitutional office, or change, alter, or modify its constitutional powers and function." (*State v. Douglass,* 33 Nev. 82, 110 Pac. 177; *Love v. Baehr,* 47 Cal. 364.)

"An assessment can only be made by the officer designated by law to make it. When the constitution devolves that duty upon a particular person, the legislature may not substitute another." (*Adams v. Tonella,* 70 Miss. 701, 14 So. 17, 22 L. R. A. 346, citing *People v. Kelsey,* 34 Cal. 473; *People v. Hastings,* 29 Cal. 449; *People v. Sargent,* 44 Cal.

430; *Houghton v. Austin,* 47 Cal. 646; *R. & D. R. Co. v. Orange County Commrs.,* 74 N. C. 506; *Wilmington etc. R. Co. v. Board of Brunswick County Commrs.,* 72 N. C. 10.)

McCARTHY, C. J.—Respondents are the assessor of Bingham county and his official bondsman. This is an action by appellant to recover the aggregate sum of $11,222.01 on three several official bonds of respondent as assessor for Bingham county covering a period of four years, or two terms of office. The three causes of action are based on respondent's failure to collect personal property taxes assessed by him for the years 1919, 1920 and 1921 and 1922, and not secured by a lien on real property. The general demurrer to the complaint was sustained and, appellant refusing to amend, judgment was entered dismissing the action. From this judgment appeal is taken, the specifications of error being that the court erred (1) in sustaining the demurrer and (2) in dismissing the action.

Appellant claims that C. S., sec. 3267, made it the duty of respondent to collect these taxes. It reads as follows:

"Sec. 3267. It is hereby made the duty of the assessor, immediately upon assessing personal property whereon the tax is not a lien on real property of sufficient value, in the judgment of the assessor, to insure the collection of such tax, to compute the amount of taxes due on such personal property, based upon the levies for state and county, city, village, road district, school district or other purposes for the preceding year."

C. S., sec. 3307, provides as follows:

"Sec. 3307. The assessor shall be liable upon his official bond for the amount of all taxes on personal property which have not been collected or accounted for in his settlement with the board of county commissioners."

Up to 1912 the state constitution contained the following provision:

"The legislature, by general and uniform laws, shall provide for the election biennially in each of the several counties of the state, of county commissioners, a sheriff, county

treasurer, who is *ex-officio* public administrator, probate judge, who is *ex-officio* county superintendent of public instruction, county assessor, who is *ex-officio* tax collector, a coroner, and a surveyor.'' (Const., art. 18, sec. 6.)

In 1912 this section was amended so as to read as follows:

''The legislature by general and uniform laws shall provide for the election biennially, in each of the several counties of the state, of county commissioners, a sheriff, a county treasurer, who is *ex-officio* public administrator and also *ex-officio* tax collector, a probate judge, a county superintendent of public instruction, a county assessor, a coroner, and surveyor.'' (Laws 1912 (Ex. Sess.), p. 53.)

Respondent contends that the statute making it the duty of the assessor to collect unsecured personal property taxes is in conflict with the provision of the constitution as amended and therefore void.

''It is an established general rule that constitutional provisions are to be construed as mandatory unless, by express provision or by necessary implication, a different intention is manifest.'' (12 C. J. 740, sec. 145; 6 R. C. L., p. 55, sec. 50; *McDonald v. Doust,* 11 Ida. 14, 81 Pac. 60, 69 L. R. A. 220.) This particular section of the constitution as amended is self-operative. (*Cleary v. Kincaid,* 23 Ida. 789, 131 Pac. 1117.) There can be no splitting of hairs over the proposition that it is the duty of the tax collector to collect taxes. Since, prior to the amendment, the assessor had been tax collector, the evident and only purpose of the amendment was to relieve the assessor of his duties as tax collector and impose them upon the treasurer. The language is so clear that there is no room for argument or construction. The legislature cannot enlarge or decrease the scope of a constitutional office where it is clearly fixed by the constitution. (*Love v. Baehr,* 47 Cal. 364; *State v. Douglass,* 33 Nev. 82, 110 Pac. 177; *People ex rel. Ahern v. Ballam,* 182 Ill. 528, 54 N. E. 1032.) When the constitution devolves a duty upon one officer the legislature cannot substitute another. (*Houghton v. Austin,* 47 Cal. 646; *Wilmington etc. R. Co. v. Board of Commrs.,* 72 N. C. 10.)·

C. S., secs. 3267 and 3307, above quoted are void because in conflict with the constitutional provision. If any authority be desired to sustain this self-evident proposition, it is found in *Mutual Life Ins. Co. of New York v. Martien,* 27 Mont. 437, 71 Pac. 470.

Appellant contends, however, that, conceding the statutes to be unconstitutional, respondent is not in a position to raise that question in this case. Appellant's counsel first refers us to certain authorities which hold that a ministerial officer like respondent cannot resist a proceeding to make him perform a duty enjoined on him by statute on the ground that the statute is unconstitutional. There are authorities which sustain this proposition. The supreme court of Colorado has held:

"Where a statute authorizing a tax has been for a long time acquiesced in, and the procedure thereunder has become fixed, it would be dangerous to government to allow purely ministerial officers, such as a county assessor and treasurer, to question the constitutionality of the statute, or refuse to extend the tax as required thereby." (*People v. Ames,* 24 Colo. 422, 51 Pac. 426.) The supreme court of Oklahoma has held to the same effect. (*Threadgill v. Cross,* 26 Okl. 403, 138 Am. St. 964, at 971, 972, 109 Pac. 558.) The last-named decision admits, however, that even a ministerial officer may raise the question if the nature of his office is such that it is his duty to do so, or if his personal interest will be affected by the statute. On the contrary, the supreme court of Nebraska has held:

"Ministerial officers, upon whom the legislature has sought to impose a duty by statute, may assert the unconstitutionality of that statute as a defense to an application for a *mandamus* to require them to perform the supposed duty." (*Van Horn v. State,* 46 Neb. 62, 64 N. W. 365.) It seems to us unwise to lay down a hard-and-fast rule. The issuance of a writ of *mandamus* is within the discretion of the court. It would also seem to be within the discretion of the court to decide whether or not it would permit such a defense in a mandamus proceeding. If an election officer

refuses to perform his duties on the eve of election, when all preparations have been made for the holding of the election and there is no time to adequately consider difficult questions of constitutional law, it would seem that the court should not permit him to raise the constitutional question in a *mandamus* proceeding, but should order him to perform the duty enjoined upon him by the statute and weigh the constitutional question at a later date in a more adequate proceeding. But if the law is obviously unconstitutional and its enforcement will result in great hardship or expense to the public, it would seem that the court should hold that it is within the implied duty of the officer to raise the question of constitutionality and should pass upon it even in a *mandamus* proceeding. We have referred to these *mandamus* cases because they are cited by counsel, but we do not think they control in this sort of an action. While it may be said that an officer has no personal interest in resisting an action to compel him to perform a duty enjoined upon him by statute on the ground that the statute is unconstitutional, this certainly cannot be said of a case like the present, in which it is sought to recover $11,000 damages of him because of his nonperformance of the statutory duty.

Appellant's counsel next cites us to cases in which it is held that a public officer is estopped to raise the question of the constitutionality of a statute. It is the general rule that the sureties on an official bond can make no defense which the principal could not make. (*Boone County v. Jones,* 54 Iowa, 699, 37 Am. Rep. 229, 2 N. W. 987, 7 N. W. 155.) The cases cited by appellant are mostly cases in which a person has entered upon an office and assumed to perform duties enjoined by the statute, in the course of which he collects money or receives property on behalf of the county or other municipality, his principal. It is held on the plainest grounds of morality and common sense that, in an action against him to recover the money or property, he is estopped to set up the invalidity of the statute. (*State v. Dawe,* 31 Ida. 796, 177 Pac. 393; *Blaco*

v. *State*, 58 Neb. 557, 78 N. W. 1056; *State v. Spaulding*, 24 Kan. 1; *Placer County v. Astin*, 8 Cal. 303; *People v. Bunker*, 70 Cal. 212, 11 Pac. 703; *Greene County v. Lydy*, 263 Mo. 77, Ann. Cas. 1917C, 274, 172 S. W. 376.) However, there does not seem to be ground for estoppel in the present case. Respondent did not collect any money or receive any property which belongs to appellant. He is being sued for a failure to collect the taxes. The office to which he was elected is one created not by the statute but by the constitution. His position is that he was elected to, and assumed, the constitutional office, the duties of which are clearly fixed by the constitution at least to the extent that the collection of taxes is not included within them. His assumption of this office does not furnish ground for estoppel. He has not assumed the performance of the duties unlawfully laid upon him by the statute. Therefore we find no such ground for estoppel as in the cases where the officer has assumed to perform the duties under an unconstitutional act.

Appellant refers us to a third class of cases which hold that an unconstitutional statute may create a *de facto* office. (*State v. Carroll*, 38 Conn. 449, 9 Am. Rep. 409; *Lang v. Mayor etc. of Bayonne*, 74 N. J. L. 455, 122 Am. St. 391, 12 Ann. Cas. 961, 68 Atl. 90, 15 L. R. A., N. S., 93; *State v. Bailey*, 106 Minn. 138, 130 Am. St. 592, 16 Ann. Cas. 338, 118 N. W. 676, 19 L. R. A., N. S., 775; *State v. Gardner*, 54 Ohio St. 24, 42 N. E. 999, 31 L. R. A. 660; *State v. Poulin*, 105 Me. 224, 134 Am. St. 543, 74 Atl. 119, 24 L. R. A., N. S., 408; *Beaver v. Hall*, 142 Tenn. 416, 217 S. W. 649.) *State v. Carroll, supra*, is perhaps the leading case and holds that the acts of an officer appointed and acting in pursuance of a law are valid as the acts of an officer *de facto*, even though the law be afterward judicially declared unconstitutional. In *Lang v. Mayor etc. of Bayonne, supra*, the court of appeals of New Jersey held:

"The board of police commissioners, created by the unconstitutional act of 1905, is a *de facto* board, and its action in discharging a member of the police force, prior to a de-

cision adjudging the act unconstitutional, is valid as to the officer, and the courts will not compel, by *mandamus,* his reinstatement.''

In *State v. Bailey, supra,* the supreme court of Minnesota held: ''There may be a *de facto* officer, though no *de jure* office exists, as in *de facto* municipal corporations or *de facto* courts.'' It further held that the question of the legal existence of such *de facto* office could be raised only by the state itself by *quo warranto* or other direct proceeding.

In *State v. Gardner, supra,* the supreme court of Ohio held: ''In a prosecution for offering a bribe to an officer, who is acting as such under a statute providing for the government of a municipal corporation, the defendant cannot question the constitutionality of such statute.'' *State v. Poulin, supra,* apparently holds that an unconstitutional statute creates at least a *de facto* office. In *Beaver v. Hall, supra,* the supreme court of Tennessee held that, after conviction, a judgment in a criminal case will not be vacated on *habeas corpus* on the ground of the invalidity of the statute creating the court where the defendant did not object to the jurisdiction of the court before or during the trial. The court concludes that the office was at least a *de facto* one. On the contrary, the supreme court of the United States held that there cannot be an officer *de facto* or *de jure* if there be no office to fill; that ''An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed.'' (*Norton v. Shelby County,* 118 U. S. 425, 6 Sup. Ct. 1121, 30 L. ed. 178.) To the same effect, see *State v. Bates,* 22 Utah, 65, 83 Am. St. 768, 61 Pac. 905; *In re Norton,* 64 Kan. 842, 91 Am. St. 255, 68 Pac. 639.

Appellant contends that the statute imposing part of the duties of the treasurer upon respondent made him at least a tax-collecting officer *de facto* to the extent prescribed by the statute, and that as such it was incumbent upon him to perform the prescribed duties, even though the law prescribing them was in violation of the constitution. We agree

with the doctrine of *Norton v. Shelby County, supra,* that there can be no such thing as a *de facto* office where the act attempting to create it is clearly repugnant to the constitution. If it were conceded for the sake of argument that the opposing doctrine is sound, it would not seem applicable to this case. The purpose of this doctrine is to protect the public by giving efficacy to official acts performed for the benefit of the public. It would not seem applicable to a case where an officer is being sued for damages for failing to perform duties which the legislature had no right to thrust upon him.

For the reasons given above the complaint states no cause of action and the demurrer was properly sustained. The judgment is affirmed, with costs to respondent.

Budge, William A. Lee and Wm. E. Lee, JJ., concur.