LAND, J.
 

 Pursuant to, a writ of attachment issued herein, on the petition of the plaintiff, Eugene A. Conway, supervisor of public accounts for the state of Louisiana, the civil sheriff for the parish of Orleans seized and took into his possession in the Appalachian Warehouse of the Douglas Public Service Corporation 1,000 cases of Blue Ribbon Malt Syrup ex Oar R I 46,276.
 

 The Premier Malt Sales Company of Illinois filed an affidavit with the civil sheriff claiming the ownership of the malt syrup seized by purchase from the Premier Malt Products Company of Peoria, 111., as evidenced by a bill of lading, which it claims is in its possession and under its control, issued by the Illinois Terminal Railroad System at Peoria, 111.; the connecting carrier at New Orleans being the Missouri Pacific Railway Company.
 

 In this affidavit, the Premier Malt Sales Company calls upon the civil sheriff to release the property seized and to deliver same to it, or, in any event, to demand and obtain from the plaintiff an indemnity bond, as provided by the statutes of the state, in the sum of $10,-000, or double the alleged value of the property attached. Rev. St. 1-870, §§ 3579 and 3581, as amended by Act No. 37 of 1882.
 

 
 *896
 
 Reciting the above fácts and alleging that he had made a demand on plaintiff, through his attorney of record, to furnish the indemnity bond, which plaintiff had refused to do for the reason that, as an officer of the state of Louisiana, ho is not required to furnish bond in any judicial proceeding, the civil sheriff for the parish of Orleans ruled the plaintiff and all the parties into court, and cited them to show cause why the seizure herein made should not be released, or, if maintained, why plaintiff should not he required to furnish an , indemnity bond, with good and solvent surety, in such amount and under such conditions as the law directs.
 

 After considering the return of the Premier Malt Sales Company and the exceptions filed by plaintiff to the rule of the civil sheriff to show cause, respondent judge, the Honorable M. M. Boatner of the civil district court, overruled the exceptions and ordered that the rule be made absolute to the extent that the civil sheriff release the seizure herein made, unless the plaintiff, the supervisor of public accounts for the state of Louisiana, furnish an indemnity bond in the sum of $9,S00, with good and solvent surety and conditioned as -the law directs, on or before May 5, 1930.
 

 Plaintiff filed a motion for a new trial, which was overruled.
 

 Plaintiff then filed a motion for a suspensive appeal without bond, which motion was also denied.
 

 At this juncture, plaintiff applied to this court for writs of certiorari, mandamus, and prohibition, commanding respondent judge to grant to plaintiff the suspensive appeal, without bond, from the judgment and order rendered by him in the rule to show cause; and forbidding respondent judge to order the release of the seizure, unless bond is furnished by plaintiff, or to allow the execution of the judgment.
 

 In the return of the respondent judge, it is stated that he refused to allow plaintiff a suspensive appeal, without bond, for the reason that he could find no law relieving the plaintiff, the supervisor1 of public accounts for the state, of the duty to furnish bond.
 

 In Martin v. Board of Fire Com’rs, 132 La. 188, 191, 61 So. 197, 199, 44 L. R. A. (N. S.) 68, it is said:
 

 “The first proposition for decision is that the act creating the board of fire commissioners did not exempt it from giving bond for an appeal; thát, as it did not give bond, the appeal should be dismissed.
 

 “It is sufficient to state in regard to the appeal bond that under Act 173 of 1902, p. 327, all municipal boards or commissioners exercising public functions or performing administrative acts are exempt from furnishing bond of appeal. The board of fire commissioners of the city of New Orleans is a public functionary, and therefore exempt, and can appeal without giving bond.”
 

 In Smith v. City of New Orleans, 43 La. Ann. 726, 9 So. 773, this court held that: “Personating the state, as such a suit concedes him
 
 to
 
 be, the
 
 state tax
 
 collector was under no obligation to furnish an appeal-bond, and the judge a qua properly dispensed him from it.”
 

 In the Smith Case, suit had been brought against a state tax collector for the revocation of a tax title he had made to the state and judgment had been rendered annulling it, and the state tax collector prosecuted an appeal for the state.
 

 Section 6 of Act No. 4 of the Special Session of 1928 provides that: “It is hereby made the duty of the Supervisor of Public Accounts
 
 *898
 
 to collect, supervise and enforce the collection of all taxes that may be due under the provisions of this Act, and to that end, the said Supervisor of Public Accounts is hereby vested with all of the power and authority conferred by this Act. The Supervisor of Public Accounts shall give bond in favor of the Governor of the State, or his successors in office, in the sum of Ten Thousand, $10,000.00) Dollars conditioned on the faithful performance of the duties imposed on him by this Act.”
 

 It is clear, therefore, that the plaintiff, the supervisor of public accounts for the state, is made a state tax collector, under section 6 of Act No. 4 of the Special Session of 1928, and is charged with the administrative duty of collecting for the state all taxes levied on malt extract under the act.
 

 The supervisor of public accounts “personates the State” in the collection of malt taxes, as much so as does a state tax collector for any parish in the state, in any suit affecting the state and, necessarily, is as much exempt from furnishing bond of appeal from an adverse judgment.
 

 It is immaterial that Act No. 4 of the Special Session of 1928 does not expressly exempt the supervisor of public accounts for the state from giving bond of appeal. There is no statute of this state that exempts a state tax collector from furnishing such bond; but, as the state suing in her own courts is exempt from furnishing bond of appeal, it follows that a state tax collector, representing the state in •the collection of taxes, or otherwise, is likewise exempt from executing bond of appeal.
 

 It is therefore ordered that a writ of mandamus issue herein, directed to the Honorable Mark M. Boatner, judge of the civil district court for the parish of Orleans, division, B, commanding him to grant to relator, the supervisor of public accounts for the state of Louisiana, a suspensive appeal, without bond, from the judgment and order rendered in this case by respondent judge in the rulq to show cause, on May 2,1980.
 

 O’NIELL, C. J., is of the opinion that, if the judge ruled correctly in ordering the supervis- or of public accounts to give an indemnity bond, the judge was right in refusing to grant the suspensive appeal from his ruling without an appeal bond. Hence the only question is whether the original ruling was correct; which is not complained of directly in this proceeding.