ODOM, J.
 

 The state of Louisiana brought this action against the defendant to recover $339.93, with interest and penalties alleged to be due as tax on $8,246 gallons of gasoline levied by Act 6 of the Extra Session of 1928, as amended by Act 8 of 1930.
 

 Coupled with the suit is a prayer that the car of gasoline be attached, the defendant not having paid the tax and not having furnished bond in favor of the state authorizing it to defer payment thereof as provided in section 4 of said act, as amended by the Act of 1930. The writ of attachment issued as prayed for and the gasoline was seized, but subsequently released on bond.
 

 The case was submitted on an agreed statement of facts, which shows that the tank of gasoline on which the state now seeks to collect the tax and which was attached, was purchased in the state of Arkansas by defendant and shipped to Shreveport in this state, and that defendant promptly notified the plaintiff of the shipment; and: “It is further admitted that the Tri-State Transit Co., of La., Inc., is engaged in the business of transporting passehgers by motor buses in both interstate and intrastate traffic .traveling, over the state highways in Louisiana and other states.”
 

 Paragraph 5 reads as follows:
 

 “Plaintiff objects to the admissibility of. the following statement as being irrelevant and immaterial to the issue involved in this case and subject to said objection, admits that defendant would testify that all of said gasoline attached herein was purchased to be used in propelling its motor buses in carry-, ing passengers only in interstate trips.”
 

 In defendant’s answer, it-set out that said’ gasoline was brought into this state “to be used solely for the-purpose of interstate com-merce in the operation of its aforesaid buses” and “defendant further shows that the State of Louisiana is without right or authority to levy or collect a tax on gasoline to be used’ in interstate commerce and that it (meaning the Act levying the tax) is unconstitutionál, null and void, and in conflict with the Constitution of the United States.”
 

 • The judgment of the district court reads' as follows:
 

 “It appearing that the gasoline herein attachment (attached) having been purchased to be used -in the operation of motor buses engaged in carrying passengers on interstate trips,
 
 and, it being considered that Act 6 of 1928, Special Session, as amended by Act 8 of 1980, is unconstitutional insofar as it levies a tax on gasoline used as aforesaid
 
 and by reason thereof it is ordered, adjudged and, decreed that there be judgment in favor of. the Tri-State Transit Co., of La., Inc., and against the State of Louisiana rejecting the demands of the plaintiff.”
 

 The state appealed.
 

 The issues here involved are precisely the same as those raised in Ihe case of
 
 *685
 
 State v. W. H. Johnson, 138 So. 503,
 
 [1]
 
 this day decided,-in which we held that the state of Louisiana may validly levy a tax on gasoline used within the state as fuel in the operation of motor buses and trucks carrying interstate passengers and freight. For the reasons therein stated, which are adopted and applied to this case, we here hold that the act of the Legislature referring to levying the tax on all gasoline “sold, used or consumed in the State of Louisiana” is valid legislation.
 

 It therefore follows that the judgment in this ease holding that said act is unconstitutional must be reversed.
 

 Section 4 of the act, as amended, provides that any dealer bringing gasoline into this state “for sale, use or consumption
 
 therein,”
 
 shall pay the tax levied, “which is hereby made due and payable
 
 immediately
 
 upon same coming within the boundaries of this State.” (Italics ours.)
 

 When this suit was brought and the attachment levied, the defendant was due the amount of the tax on part, at least, of the gasoline, that which was destined for use within the state. It refused to pay the tax, 'not upon the ground that the portion of gasoline which might be used within the state could not be determined at the time, but upon the ground that the entire quantity, having been brought to the state for use in interstate commerce, whether consumed within or without the state, was free from the tax. This was not a valid defense, and therefore the gasoline was subject to attachment under the act (section 4, as amended), which provides that “failure to pay any tax * * * shall ipso facto make the said tax *■ * * delinquent [and payable] and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of gasoline or- motor -fuel wherever the same may be located.” ■
 

 The attachment was authorized and should have been sustained."
 

 The amount which the state may collect on this shipment depends upon the percentage thereof which was actually used or consumed within the state, and the case will have to be remanded for the purpose of ascertaining what quantity was so used.
 

 In the case of State v. Johnson, Receiver for the Caddo Warehouse & Transfer Co., of which the defendant in the present case is a subsidiary corporation and under the same management, it appeared that the corporation kept records from which it could be determined the percentage of all gasoline brought into the state by defendant which was used within the state. As the gasoline involved in the present suit was brought into the state on February 6, and was released from the attachment on bond and has no doubt been used, we assume, that defendant will be able to show the amount used within the state as it did in the other case.
 

 It is pertinent to state here, as we stated in the Johnson Case, that the state has not attempted to levy a tax on gasoliile used or consumed beyond its borders, and that the lawmakers have with the utmost particularity and preciseness provided a method for avoiding confusion as to the amount of tax to be paid in cases like the one at bar. It seems to have been contemplated that those engaged in interstate commerce would bring into the state gasoline to be used, partly within and partly without the state, for it is provided in section 4 of the act, as amended, that every dealer shall render monthly reports under oath at the end of each month showing the number of gallons sold to persons within the state or “used or consumed by the dealer importing same.”
 

 
 *687
 
 And further that those dealers who wish to defer the payment of the tax until the end of the month, or the date on which the statement is rendered may do so provided said dealer shall have previously furnished bond “guaranteeing the payment of any tax,” and that:
 

 “Said bond having been furnished and accepted, as provided herein, the dealer furnishing same shall be required to pay the tax at the time of making the reports to the Supervisor of Public Accounts, as herein required,
 
 only on such gdsolvne or motor fuel actually sold, used or consumed in tMs State,
 
 during the period for which said reports are made.” (Italics ours.)
 

 These provisions with reference to the making of reports and giving of bond are for the convenience of the dealer and contemplate that he shall keep records showing the amount of gasoline or other motor fuel “actually sold, used or consumed in the state.”
 

 It seems that the supervisor of public ac-‘ counts suggested to this defendant, or probably to the parent corporation, that a bond be furnished if it was desired that payment of the tax be deferred, which defendant declined to do.
 

 The attachment was therefore justified.
 

 For the reasons herein assigned and those assigned in the case of State of Louisiana v. W. H. Johnson, Receiver (La. Sup.) 138 So. 503,
 
 [1]
 
 this day decided, it is ordered and decreed that the judgment appealed from be and the same is reversed.
 

 It is further ordered that the case be remanded to the district court for the purposes herein stated, and to be proceeded with according to the views expressed, costs of appeal to be paid by appellee, all other costs to await final decision.
 

 [1]
 

 173 La. 669.
 

 [1]
 

 173 La. 669.