ROGERS, J.
 

 The state of Louisiana, through E. A. Conway, supervisor of public accounts, sued the defendants, a commercial partnership, operating under the trade-name of the Independent Oil Refining Company, for an amount to cover taxes, penalties, and attorney’s fees on 8,010 gallons of alleged gasoline or motor fuel imported from Arkansas on August 1, 1931.
 

 Plaintiff alleged that the shipment had been falsely billed as distillate, but that it contained petroleum distillate, commonly termed gasoline, with a flash point below 34 degrees F., being a volatile gas-generating liquid, having a flash point below 110 degrees F., commonly used to propel vehicles or motors. Plaintiff demanded a tax of 4 cents a gallon under the authority of Act No. 6 of the Extra Session of 1928, as amended by' Act No. 8 of the Regular Session of 1930, and of 1 cent a gallon under an unnumbered article of the Constitution, as eta-braced in Act No. 1 of the Extra Session of 1930.
 

 After interposing various objections to the petition, which were overruled, defendants answered, showing that Andrew P. Armbruster was not a member of the partnership doing business under the name of the Independent Oil Refining Company. The other two defendants composing the firm denied that the distillate referred to in plaintiff’s petition was subject to any tax by the state of Louisiana. They averred that the material was not gasoline, but a crude unfinished type of oil liquid not commonly used for gas engines nor to propel motor vehicles; that it differed from gasoline in gravity, flash, boiling point, recovery, and corrosion, and that it could not be sold to persons for common use to propel motor vehicles or motors; that it would be impossible to start an automobile motor containing a distillate of this type, and that, even-if the motor was started, the performance would be indefinite, irregular and unsatisfactory ; and the effect would be extremely corrosive and damaging to the cylinders and the engine, which would ultimately break down in performance.
 

 The judge of the district court found from the testimony adduced on the trial of the case that the material sought to be taxed by plaintiff was a low-grade distillate such as no reputable dealer in oils sold for the purpose of propelling internal combustion engines would sell, and such a product as no man who knows anything -about an engine would use a second time; and that the distillate is not commonly used for the purpose of propelling these engines. He accordingly held that it did not fall within the terms of the tax, and dismissed the suit. From this judgment, plaintiff appealed.
 

 Section 1 of Act No. 6 of the Extra Session of 1928 levies a tax of 4 cents per gallon on -all gasoline, or motor fuel, used or consumed in the state of Louisiana for domestic con
 
 *917
 
 sumption. And the statute, in the same section, defines motor fuel as meaning all volatile gas-generating liquids having a flash point below 110 degrees E., commonly used to propel motor vehicles or motors.
 

 Section 1 of an unnumbered article of the •Constitution of 1921, as embraced in Act No. 1 of the Extra Session of 1930, levies a tax of 1 cent a gallon on all gasoline, benzine, naphtha or other motor fuel as therein defined, when sold, used, or consumed in the state of Louisiana for domestic consumption. And the .article, in the same section, defines gasoline, benzine, naphtha, or other motor fuel as meaning all volatile gas-generating liquids having a flash point below 110 degrees E., commonly used to propel motor vehicles or motors.
 

 Plaintiff argues that the purpose of the statute and the constitutional provision is to impose a tax on all gasoline or other motor fuel sold, used, or consumed in the state, regardless of the uses to which it may be put. 'That the words, “commonly used to propel motor vehicles or motors,” contained in the •statutory and constitutional definitions, are merely descriptive of the use and are not restrictive of the character of the article subject to the tax.
 

 Plaintiff’s argument is untenable. Under the plain language of the statutory and constitutional provisions the cumulative 5 cents per gallon tax on gasoline or other motor fuel is applicable, not only to such gas-generating ■liquids as have a flash point below 110 degrees E., but also to those which, in addition, .are commonly, that is to say, ordinarily or generally, used to propel motor vehicles or motors. The latter part of the definition is as essential as the first part of the definition in establishing the character of the article on which the tax is imposed.
 

 If the words, “commonly used to propel motor vehicles or motors,” be stricken from the statute and the constitutional provision, the tax would apply, according to the testimony in the record, to each gallon of alcohol manufactured in the state, to all crude oil as it comes from the wells, to ether, chloroform, kerosene, and innumerable liquids having naphtha or benzine for a base which are used for cleansing purposes, and to a number of naint and varnish solvents. We feel quite certain that it was not the intention of their framers that the legislative and constitutional provisions in question should have such a far-reaching effect.
 

 It appears from testimony in the case that the defendants are dealers in motor fuel, handling gasoline only casually as an accommodation to their customers, purchasing the gasoline in small- lots from time to time from wholesale dealers, who have already paid the tax. Defendants purchased the car of distillate on which a tax of 5 cents a gallon is demanded herein for the purpose of blending it with gas oil or distillate for use in a No. 1 Nokol burner in order to bring the flash down.
 

 The testimony also shows that the oil in question is a low-grade distillate — an incomplete product still in the process of being refined. In the words of one of the witnesses, “It is a hybrid product, neither fish nor fowl.” And the testimony is overwhelming that the distillate is neither used nor usable in propelling motor vehicles or motors. Hence, under their plain -language, it is not subject to
 
 *919
 
 the tax imposed by the statutory and constitutional provisions invoiced by plaintiff.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 BRUNOT, J., dissents.