BRUNOT, Justice.
 

 This is a summary proceeding to enforce payment of the annual franchise tax imposed by Act No. 8 of 1932, computed to be due by the respondent company for the year 1933, together with the penalties, attorney’s fees, and costs, as provided by said act. The appeal is by the respondent from a judgment against it for $3,361.04, with 20 per cent, statutory penalty, 10 per cent, attorney’s fees, $25 cost of audit, and costs of court.
 

 
 *629
 
 The respondent is a Louisiana corporation. It is engaged in the manufacture of cotton textiles. Its manufactured product is sold in interstate and intrastate commerce. It did not, on or before September 1, 1933, comply with any of the provisions of Act No. 8 of 1932. Thereupon the secretary of state had the books of the respondent company audited for the purpose of computing the tax due by it, and caused the respondent to be ruled into court to show cause why it should not be condemned to pay the sum of the computed tax, penalty, attorney’s fees, and costs. The respondent filed four exceptions to the rule, to wit, that the plaintiff is without capacity to institute or prosecute the suit; that the form of the proceeding is not authorized by law; that mover’s allegations are too vague and indefinite; and that the motion for rule discloses no right or cause of action.
 

 Section 7 of Act No. 8 of 1932 disposes of the first exception. We think section 9 of the act disposes of the second exception. The third exception was maintained, but, with the court’s permission, the motion was amended. (Tr. p. 6 et seq.) The act imposes the tax and makes it the duty of the secretary of state to collect the tax. Hence the motion, which follows the process prescribed by section 9 of the act, discloses both a right and cause of action.
 

 For answer to the rule, the respondent, after reserving the benefit of the pleaded exceptions, denies that it is subject to the provisions of Act No. 8 of 1932, and, as an alternative plea, it attacks the constitutionality of the act upon several grounds.
 

 The defense that the Lane Cotton Mills Company is not' subject to the provisions of the act is based upon the contention that it has no power or privilege not possessed by individuals or partnerships. It is a universally recognized rule that all business corporations have and exercise powers and privileges not possessed by individuals or partnerships. In Flint v. Stone Tracy Company, 220 U. S. 107, 31 S. Ct. 342, 353, 55 L. Ed. 389, Ann. Cas. 1912B, 1312, the United States Supreme Court said:
 

 “In the case at bar we have already discussed the limitations which the Constitution imposes upon the right to levy excise taxes, and it could not be said, even if the principles of the 14th Amendment were applicable to the present case, that there is no substantial difference between the carrying on of business by the corporations taxed, and the same business when conducted by a private firm or individual. The thing taxed is not the mere dealing in merchandise, in which the actual transactions may be the same, whether conducted by individuals or corporations, but the tax is laid upon the privileges which exist in conducting business with the advantages which inhere in the corporate capacity of those taxed, and which are not enjoyed by private firms or individuals. These advantages are obvious, and have led to the formation of such companies in nearly all branches of trade. The continuity of the business, without interruption by death or dissolution, the transfer of property interests by the disposition of shares of stock, the advantages of business controlled and managed by corporate directors, the general absence of individual liability, these and other things inhere in the advantages of business thus conducted, which do not exist when the same business is
 
 *631
 
 conducted by private individuals or partnerships.”
 

 In this connection we also cite Clark on Corporations (2d Ed. by Tiffany) p. 13.
 

 A mere reading of the title and text of Act No. 8 of 1932 will dispel any doubt as to the legislative intent to levy an annual franchise tax on all corporations doing business in this state, except those specially exempted by the statute.
 

 Respondent contends that section 7 of Act No. 8 of 1932 contravenes section 65 of article 7 and section 21 of article 14 (as amended in 1926) of the state Constitution. Section 65 of article 7 relates to sheriffs, who are ex-officio tax collectors in the parishes of the state other than the parish of Orleans, and section 21 of article 14 relates to the state tax collector of the city of New Orleans. In the light of the jurisprudence of this state, respondent’s contention is falacious. The validity of tax statutes which impose the duty of collecting the tax on others than the sheriffs or state tax collector for the city of New Orleans has been maintained by this court in seven recent decisions, viz.: Gulf Refining Co. v. McFarland, 154 La. 251, 97 So. 433; Lionel’s Cigar Stores v. McFarland, 162 La. 957, 111 So. 341, 345; Fleischmann Co. v. Conway, 168 La. 547, 122 So. 845; State v. Federal Sales Co., 170 La. 893, 129 So. 520; State v. Tri-State Transit Co., 173 La. 682, 138 So. 507; State v. Armbruster et al., 174 La. 914, 142 So. 125; State ex rel. Porterie v. Violet Oil Co., 176 La. 651, 146 So. 322.
 

 In Lionel’s Cigar Stores v. McFarland, the court said:
 

 “In the first section of article 10 of the Constitution it is said in the broadest terms possible: ‘The power of taxation shall be vested in the Legislature.’ In the plenary terms also of the eighth section there is ample authority for the method of apportionment and collection of the tax as provided for in the Act 197 of 1926, and we find nothing to the contrary elsewhere in the Constitution.”
 

 Respondent contends that, to the extent that Act No. 8 of 1932 attempts to delegate to the secretary of state the power to levy an assessment on its property, to create a lien thereon, and to enforce payment thereof, it violates section 1 (as amended in 1926), and section 2 of article 10, section 65 of article 7, and section 21 of article 14 of the Constitution (as amended in 1926). We will dismiss this contention with the statement that the secretary of state has not levied an assessment upon defendant’s property or created a lien thereon. All that the record discloses is that the secretary of state has proceeded by motion and rule to collect the tax claimed to be due by defendant, together with the statutory penalties, attorney’s fees, and costs.
 

 One who is not affected thereby cannot challenge the constitutionality of a statute. The latest decision in point is First National Bank of Shreveport v. Louisiana Tax Commission, 175 La. 119, 143 So. 23.
 

 Respondent’s final contention is that Act No. 8 of 1932, and particularly sections 1, 2, and 3 thereof, impose unequal burdens upon it; that the classifications of the act are arbitrary and discriminatory; and that there is a denial of equal protection and due process of law.
 

 
 *633
 
 Respondent’s contention that the act imposes unequal burden upon it and that its classifications are discriminatory are based upon the classes of corporations which are exempt from the provisions of the act. There can be no imposition of an unequal burden or discrimination where, as in this case, the law operates alike upon all corporations similarly situated, for it is a well-settled rule that states may distinguish and classify them within a wide range of discretion. In this connection we quote from appellee’s brief the following:
 

 “In each of the following cases objections of unreasonable and unconstitutional discriminations were raised by the complainants and overruled by the Supreme Court of the United States: S. W. Oil Co. v. State of Texas, 217 U. S. 114, 30 S. Ct. 496, 54 L. Ed. 688;. Keeney v. Comptroller of State of N. Y., 222 U. S. 538, 32 S. Ct. 105, 56 L. Ed. 299, 38 L. R. A. (N. S.) 1139; Quong Wing v. Kirkendall, 223 U. S. 59, 32 S. Ct. 192, 56 L. Ed. 350; Metropolis Theatre Co. v. Chicago, 228 U. S. 61, 33 S. Ct. 441, 57 L. Ed. 730; Singer Sewing Machine Co. v. Brickell, 233 U. S. 304, 34 S. Ct. 493, 58 L. Ed. 974; Rogers v. Hennepin County, 240 U. S. 184, 36 S. Ct. 265, 60 L. Ed. 594; Armour & Co. v. Virginia, 246 U. S. 1, 38 S. Ct. 267, 62 L. Ed. 547; N. W. Mutual Life Ins. Co. v. Wisconsin, 247 U. S. 132, 38 S. Ct. 444, 62 L. Ed. 1025; Ft. Smith Lbr. Co. v. Arkansas, 251 U. S. 532, 40 S. Ct. 304, 64 L. Ed. 396; Heisler v. Thos. Colliery Co., 260 U. S. 245, 43 S. Ct. 83, 67 L. Ed. 237; Oliver Iron Mining Co. v. Lord, 262 U. S. 172, 43 S. Ct. 526, 67 L. Ed. 929; Atl. Coast Line R. Co. v. Doughton, 262 U. S. 413, 43 S. Ct. 620, 67 L. Ed. 1051; Stebbins v. Riley, 268 U. S. 137, 45 S. Ct. 424, 69 L. Ed. 884, 44 A. L. R. 1454; Roberts & Schaefer Co. v. Emmerson, 271 U. S. 50, 46 S. Ct. 375, 70 L. Ed. 827, 45 A. L. R. 1495; Louisville Gas & Elec. Co. v. Coleman, 277 U. S. 32, 48 S. Ct. 423, 72 L. Ed. 770; White River Lbr. Co. v. Arkansas, 279 U. S. 692, 49 S. Ct. 457, 73 L. Ed. 903; Ohio Oil Co. v. Conway, 281 U. S. 146, 50 S. Ct. 310, 74 L. Ed. 775; State Bd. of Tax. Com’rs of Ind. v. Jackson, 283 U. S. 527, 51 S. Ct. 540, 75 L. Ed. 1248, 73 A. L. R, 1464; Lawrence v. State Tax Comm. of Miss., 286 U. S. 276, 52 S. Ct. 556, 76 L. Ed. 1102; Williams v. Mayor of Baltimore, 289 U. S. 36, 53 S. Ct. 431, 77 L. Ed. 1015; Union Bank & Tr. Co. v. Phelps, 288 U. S. 181, 53 S. Ct. 321, 77 L. Ed. 687, 83 A. L. R. 1438; First Nat. Bank v. La. Tax Comm., 289 U. S. 60, 53 S. Ct. 511, 77 L. Ed. 1030, 87 A. L. R. 840; Broad River Power Co. v. Query, 288 U. S. 178, 53 S. Ct. 326, 77 L. Ed. 685.”
 

 Respondent’s final contention that the statute denies it due process of law, with no predicate of fact as a basis for the contention, calls for the application of the general rule that all doubt as to the validity of a legislative enactment must be resolved, if possible, in favor of the binding force of such enactment. As to the burden resting upon one pleading the unconstitutionality of a statute, the following cases are in point: State ex rel. Labauve v. Michel, 121 La. 374, 46 So. 430; Interstate Trust & Banking Co. v. Baker, 169 La. 766, 126 So. 54; City of Shreveport v. Pedro, 170 La. 351, 127 So. 865.
 

 For the reasons stated, the judgment appealed from is affirmed at appellant’s cost.