ROGERS, Justice.
 

 This is a joint action by 472 domestic and foreign corporations of different types and varying interests to enjoin the secretary of state from asserting any claim for the payment of taxes under Act No. 8 of 1932, known as the “Corporation Franchise Tax Law,'’ on the ground that the statute is unconstitutional. The court below refused a preliminary injunction, and the applicants for injunctive relief have appealed from the decree.
 

 Appellee argues that the only question presented for review by the appeal is whether the trial judge abused his discretion in refusing the preliminary injunction. But there is more than that involved in the case. The trial judge not only refused the preliminary injunction, but he passed also on the merits, as he was necessarily required to do, by upholding the constitutionality of the statute attacked. The judgment effectually disposes of the issues raised by the parties, leaving to them the mere technical right, if they care to pursue it, of requiring a perfunctory trial on the merits. In these circumstances, it possesses all the elements of a final judgment rather than of a mere interlocutory decree and as such it is reviewable.
 

 Because of the great importance of the issues involved, not only to the parties litigant but also to the general public, we have concluded to pretermit all discussion .of the numerous exceptions unsuccessfully urged below by the appellee, and to pass directly on the merits of the action.
 

 In the district court, the appellants advanced a number of objections to the constitutionality of Act No. 8 of 1932, but in this court they have apparently abandoned all their objections save two.
 

 Appellants contend the statute is unconstitutional because it delegates to the secretary of state the power to collect the taxes levied under its provisions, in violation of section 65 of article 7 and section 21 of article 14 (as amended [see Act No. 265 of 1926]) of the state Constitution.
 

 Appellants also contend the statute is unconstitutional, because it attempts a purely arbitrary and capricious classification between corporations of the same class resulting in discriminations forbidden by the Fourteenth Amendment of the Federal Constitution.
 

 Under paragraphs (a) of sections 6 and 7 of Act No. 8 of 1932, the corporations affected are required to pay the tax imposed to the secretary of state, who is vested with plenary power to enforce its collection.
 

 The pertinent language of section 65 of article 7 of the state Constitution is: “The sheriff, except in the parish of Orleans, shall be ex-officio collector of State, parish and all other taxes, except municipal taxes, which, however, under legislative authority, he may also collect.’’ And section 21 of article 14
 
 *458
 
 of the state Constitution provides: “There shall be one State tax pollector for the City of New Orleans,” etc.
 

 Appellants argue that the statutory provision making it the duty of the secretary of state to collect the corporation franchise tax is in conflict with the constitutional provisions declaring that the state tax collector of New Orleans and the sheriffs in the other parishes shall alone collect the taxes and is therefore void. And appellants point to paragraph (a) of section 22 of article 6 of the state Constitution (as amended [see Act No. 219 of 1928]), conferring authority on the secretary of state to collect the vehicular license tax for the general highway fund, as the only instance in which the Legislature is authorized to depart from the constitutional mandate.
 

 It is a familiar rule of constitutional law that a legislative act should not be declared unconstitutional unless it is clearly so. We find nothing in the statute complained of that is clearly repugnant to the organic law.
 

 Under section 1 of article 10 of the Constitution (as amended [see Act No. 162 of 1926]), the power of taxation is vested in the Legislature. The power is unlimited except where restricted by the Constitution itself. There is nothing in the Constitution that forbids the Legislature to impose a tax such as the one under attack here and to prescribe the rules and means for its collection.
 

 The constitutional provisions making the sheriffs in the country parishes ex officio tax collectors, and defining their duties and establishing a state tax collector for the city of New Orleans, are not transgressed by the legislative enactment. The plain intent of those constitutional provisions is to charge the officials therein referred to with the duty of collecting state, parish, levee, drainage, and other taxes assessed on property situated within their respective territorial jurisdictions. They are not intended to prohibit the Legislature from levying and prescribing the means of collecting taxes which in their very nature are impracticable of enforcement by any other than an official enjoying statewide jurisdiction. Constitutional provisions applying to property taxes are not applicable to excise taxes.
 

 The Constitution itself, in section 22 of article 6, designates the secretary of state, unless and until otherwise provided, as the collector of the vehicular license tax. It would lead to an incongruous result, not intended by the framers of the organic law, to hold that under section 22 of article 6 the Legislature is empowered to levy a vehicular license tax collectible by the secretary of state, but is prohibited from levying a corporation franchise tax also collectible by the secretary of state, as the most practical means of enforcing payment of the tax, because under section 65 of article 7 and section- 21 of article 14 of the Constitution, state, parish, and other property taxes are collectible by the sheriffs in the country parishes and by the state tax collector in the city of New Orleans.
 

 The sheriffs, except in the parish of Orleans, have been designated as ex officio collectors of state and parish taxes since the Constitution of 1879, article 118. ■ Constitution of 1898, article 119; Constitution of 1913, article 119.
 

 
 *460
 
 The secretary of state was authorized by section 12, art. 3, of Act No. 105 of 1898 to collect retaliatory taxes from foreign insurance companies, and under section 67 of Act No. 250 of 1928 was delegated to collect an organization tax from corporations. So far as we are informed, these legislative provisions have never been attacked.
 

 This court, in numerous cases, has upheld the validity of tax statutes imposing the duty of collection on officials other than the sheriffs or the state tax collector of the city of New Orleans. Among these cases are the following, viz.: Gulf Refining Co. v. McFarland, 154 La. 251, 97 So. 433; Lionel’s Cigar Store v. McFarland, 162 La. 959, 111 So. 341; Fleischmann Co. v. Conway, 168 La. 547, 122 So. 845; State v. Federal Sales Co., 170 La. 893, 129 So. 520; State v. Tri-State Transit Co., 173 La. 682, 138 So. 507; State v. Armbruster, 174 La. 914, 142 So. 125; State v. Violet Oil Co., 176 La. 651, 146 So. 322; Conway v. Lane Cotton Mills Co., 178 La. 626, 152 So. 312.
 

 It is true, the question raised in this case was not specifically presented in those eases. That was, perhaps, because no one doubted the discretionary right of the Legislature to prescribe the means for enforcing collection of the taxes levied under the statutes attacked. But the decisions and the legislative acts of 1898 and 1928, hereinabove referred to, are of some importance as exemplifying the practical construction placed on the constitutional provisions by the legislative and executive departments and by the legal profession.
 

 The appellants cite the cases of Mutual Life Ins. Co. of New York v. Martien, 27 Mont. 437, 71 P. 470, and State v. Malcom, 39 Idaho, 185, 226 P. 1083, in support of their argument that where the Constitution creates the office of tax collector, or names the officer who shall act in that capacity, the Legislature is powerless to change its provisions. But the cases cited are not appropriate to the issue we are called upon to determine here. The taxes involved in those cases were property taxes and not excise taxes. The cited cases would be applicable, if the Leg-, islature had undertaken in the statute under review to confer the power upon the secretary of state to collect state, parish, levee, drainage, and other property taxes. But the Legislature did not undertake to do that.
 

 Appellant’s other objection to Act No. 8 of 1932 is that it attempts a purely arbitrary and capricious classification between corporations of the same class. The objection is particularly leveled at section 3 of the act, which exempts corporations all the capital stock of which (except directors’ qualifying shares, if any) are owned by any bank or banking institution.
 

 None of the appellant corporations is in the same class as banks or banking institutions. The business of banking is subject to regulation under the police power of the state. Noble State Bank v. Haskell, 219 U. S. 104, 31 S. Ct. 186, 55 L. Ed. 112, 32 L. R. A. (N. S.) 1062, Ann. Cas. 1912A, 487. The business is regulated in this state. Special statutes provide for the taxation of property owned by banks and of the capital stock of corporations engaged in the banking business. And the tax on the shares of a banking corporation is in effect a tax on the corporation itself. New Orleans v. Houston, 119 U. S. 265, 7 S. Ct. 198, 30 L. Ed. 411.
 

 
 *462
 
 In the recent case of First National Bank of Shreveport v. Louisiana Tax Commission, 175 La. 119, 143 So. 23, which was affirmed by the Supreme Court of the United States, 289 U. S. 60, 53 S. Ct. 512, 77 L. Ed. 1030, 87 A. L. R. 840, this court held that the state tax on national bank stock was not objectional as creating an unjust discrimination, although only the property and not the capital stock of other corporations was taxed.
 

 If banking institutions are not permitted to complain, they are discriminated against because they are taxed differently from other corporations, we fail to find any basis for complaint on the part of nonbanking corporations that they are discriminated against because they are taxed differently from banking corporations.
 

 Appellants concede it is within the power of the Legislature to exempt banks and banking institutions from the payment of the franchise tax as it has done under section 3 of the statute, but they contend it constitutes an unfair and arbitrary discrimination to exempt corporations the capital stock of which is owned by banks or banking institutions and not to exempt other corporations no part of the capital stock of which is owned by banks or banking institutions. And appellants predicate their argument that the exemption is invalid mainly on the fact that no franchise tax is imposed on corporations the capital stock of which is owned by banks or banking corporations engaged in the business of operating office buildings, while other corporations owning and operating office buildings, the capital stock of which is not owned by banks or banking institutions, are required to pay the tax. Appellants contend the classification thus attempted by the statute is discriminatory because It is based on the ownership of the stock and not on the, charter powers or business operations of the corporations.
 

 “It is established that a distinction in legislation is not arbitrary, if any state of facts reasonably can be conceived that would sustain it, and the existence of that state of facts at the time the law was enacted must be assumed.’’ Rast v. Van Deman & Lewis Co., 240 U. S. 342, 36 S. Ct. 370, 374, 60 L. Ed. 679, L. R. A. 1917A, 421, Ann. Cas. 1917B, 455.
 

 It would seem to follow as a logical consequence of the exemption of banks and banking institutions from the payment of the franchise tax that the exemption should also be made to apply to those corporations all the capital stock of which is practically owned by banks or banking corporations. We take it the Legislature properly assumed that in view of the first exemption the latter exemption was necessary, and that it was also desirous of not disturbing the established method of taxing banks. Act No. 221 of 1928, amending and re-enacting sections 4 and 5 of Act No. 14 of 1917 (Ex. Sess.).
 

 The Legislature has obviously dealt with these exempted corporations as holding companies of the banks and as mere instrumentalities of the banking business. Such corporations may possess the same powers as other corporations, but, none the less, they are created and operated as mere agencies and instrumentalities of the owning corporations. As subsidiaries of corporations which are en
 
 *464
 
 gaged in a business subject to regulation and taxation under special laws, they are necessarily in a different class from those corporations which are not so regulated and taxed.
 

 The exemption granted in the statute to banks and their subsidiaries does not establish an' arbitrary distinction and create an unreasonable discrimination, since the law operates alike upon all corporations similarly situated.
 

 There can be no imposition of an unequal burden or discrimination where the law operates alike upon all corporations similarly situated, for it is a well-settled rule that states may distinguish and classify them within a wide range of discretion. Conway v. Lane Cotton Mills Co., 178 La. 626, 152 So. 312.
 

 Appellants, in support of their argument, have cited a number of decisions of the Supreme Court of the United States enforcing the constitutional guaranty of equal protection of the laws against arbitrary legislative enactments. But in determining what was or was not arbitrary legislation, the court was confined necessarily in each case to the particular subject of the state’s action. All the cited cases recognize, as was said in Brown-Forman Co. v. Kentucky, 217 U. S. 563, 30 S. Ct. 578, 580, 54 L. Ed. 883, that, “A very wide discretion must be conceded to the legislative power of the state in the classification of trades, callings, businesses, or occupations which may be subjected to special forms of regulation or taxation through an excise or license tax.” And' in none of the cases was the right of the Legislature to classify corporations for the purpose of levying a franchise tax deniéd.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 BRUNOT, J., takes no part.
 

 ODOM, J., dissents in part.