## STATE ex rel. LINDSAY v. HEMENWAY FURNITURE CO., Limited, et al.

### No. 5305.

Court of Appeal of Louisiana.
Second Circuit.

Feb. 7, 1935.

Edward Barnett, of Shreveport, for relator.

Foster, Hall, Barret & Smith and Milton C. Trichel, Jr., all of Shreveport, for respondent Hemenway Furniture Co., Limited.

David B. Samuel, of Shreveport, in pro. per.

PER CURIAM.

Respondent Hemenway Furniture Company secured a money judgment against relator, Charles Ray Lindsay, on May 30, 1934. Relator was adjudicated a bankrupt on June 12, 1934. Among the assets listed on his schedule are the household effects and fur-

niture involved in the present controversy. On August 27th, the referee in bankruptcy released said household effects and furniture to the bankrupt (relator), "subject to any existing liens and mortgages" against it. Three days thereafter, the sheriff of Rapides parish, acting under fieri facias issued on respondent's said judgment, seized said property and advertised same for sale, of which seizure, the time and place of sale, relator was given due notice. Two days before the sale, relator applied to and secured from the city court of the city of Shreveport a temporary restraining order against said sale, and sued out a rule against the Hemenway Furniture Company and the sheriff to show cause why, after hearing, a preliminary injunction should not issue as prayed for, and finally prayed that said injunction be perpetuated. The gravamen of relator's position, in fact the only reason alleged by him why his property should not be sold under said judgment, is that it is exempt from seizure and sale, under article 644 of the Code of Practice, and sale thereof would cause irreparable injury and loss to him. The judgment against relator, under which the property was seized, does not refer to or recognize any lien or privilege on said property.

Respondent moved to dissolve the temporary restraining order, and to have the rule to show cause set aside. The motion sets up that respondent proved a vendor's lien and privilege against the seized chattels in the bankrupt court, and, to economically dispose of the matter, that court released to relator the seized household effects and furniture, and that he and his counsel well knew what was done in this connection and why it was done; that the bankruptcy proceedings in no manner affected respondent's right to seize and sell the property. The motion further avers that relator "has filed no proper claim of exemption from seizure under the laws of Louisiana in favor of said property."

The answer to the rule embodies practically all the allegations of the motion to dissolve, and, additionally, sets up that the note on which the original judgment was rendered against relator in favor of respondent was given for the purchase price of certain "property" bought by relator from respondent, but never paid for; that the furniture seized in this proceeding was a portion of that for which said note was given, and that respondent has a vendor's lien thereon, which lien was recognized by the court of bankruptcy, and said property affected thereby released to relator subject to liens and mortgages against it. It is also alleged that relator has not

filed a proper claim of exemption from seizure under article 644 of the Code of Practice, nor alleged any facts upon which such an exemption could be based. It is specifically denied that said chattels are exempt from seizure and sale in this proceeding. Recognition of the vendor's lien is prayed for, and also that the temporary restraining order and rule to show cause be "dissolved," with damages and attorney's fees in a reasonable amount.

The motion to dissolve and the rule were tried together. There was judgment sustaining the motion to dissolve, with damages of $15, the rule was discharged, and preliminary injunction denied. It is stated in the judgment, after describing the seized chattels whose sale had been restrained temporarily, "same being property on which plaintiff has a vendor's lien," and also, the judgment contains this language of the same import, "it appearing to the court that Hemenway Furniture Company, Ltd., was the holder of a vendor's privilege upon said property, and that the seizure and sale restrained was in all things proper, but that the restraining order was wrongfully obtained."

From this judgment relator moved for a suspensive appeal to this court, which was refused him. Believing himself entitled to a suspensive appeal from the judgment, because it apparently passed upon the question of whether respondent had a vendor's lien on the seized chattels, relator, after giving notice of his intention to do so, applied to this court for a writ of mandamus to the judge of the lower court to compel the granting of the suspensive appeal moved for, and for writ of prohibition against respondent and the sheriff. The alternative writ of mandamus issued, the respondent judge has answered, the record is before us, and we are called upon to say whether relator is entitled to the appeal he has asked for.

The respondent judge based his refusal of a suspensive appeal upon section 5 of Act No. 29 of 1924, which inhibits the allowance of suspensive appeal from an order dissolving a restraining order or refusing preliminary injunction. This law is unambiguous. No suspensive appeal lies from an order granting, dissolving, or refusing a temporary restraining order or a preliminary injunction; but in the present case relator complains that no trial had been had on the merits of the case, yet the court, on trial of the motion to dissolve and rule to show cause, passed on the only issue in the case, to wit, whether Hemenway Furniture Company has a vendor's

lien on the seized chattels, and that by recognizing the existence of said lien on said property in the judgment sought to be suspensively appealed from, the door was closed to relator to controvert respondent's position in the lower court, and leaves only the mere technical right of perfunctory trial on the merits; that said judgment is definitive in its nature. Relator's only defense against the seizure and sale of his property is that it is exempt therefrom, under article 644 of the Code of Practice. Respondent's reply to this contention is that the seized property was sold by it to relator and the price has not been paid, and therefore the unpaid price is secured by vendor's lien on the property. If this contention is correct, relator's position is untenable, as the lien may be enforced against the property affected by it. When it was said by the lower court that the property is the same as that on which respondent has a vendor's lien, this was certainly a recognition of such a lien, and was tantamount to saying the property was not exempt from seizure and sale, as proposed by respondent.

We do not understand that relator is contending that he is entitled to a suspensive appeal from said judgment, in so far as it dissolved the restraining order and refused issuance of preliminary injunction. We do understand his position to be that he is entitled to suspensively appeal from said judgment, in so far as it recognizes the vendor's lien on his property. We think his position in this respect and reasons advanced in support of same are well founded. See Agricultural Supply Company v. Livigne, 177 La. 15, 147 So. 365, 366; Interstate Tax Bureau v. Conway, 180 La. 453, 156 So. 463.

In the first of these cited cases, the court said:

"It is true that a suspensive appeal cannot be applied for as a matter of right from an order granting or refusing a preliminary injunction. Act No. 29 of 1924, § 5.

"But, in the case before us, respondent judge has not only refused to grant a preliminary injunction, but has passed also upon the merits of the case, by decreeing the nullity of the sale from defendants to relator of the property herein seized by plaintiff.

"Necessarily, this is a final judgment from which relator has the right to prosecute a suspensive appeal to this court. C. P. arts. 539, 565."

This holding covers the case at bar perfectly.

It is therefore ordered that a peremptory writ of mandamus issue herein to respondent, Honorable David B. Samuel, judge of the city court of the city of Shreveport, in and for the parish of Caddo, directing him to grant relator, Charles Ray Lindsay, an order for a suspensive appeal to this court, returnable according to law, from the judgment read and signed in the lower court on January 21, 1935, and to fix the amount of the suspensive appeal bond.