## HARMON v. MOORE et al.

### No. 5246.

Court of Appeal of Louisiana. Second Circuit.

June 26, 1936.

Chris Barnette, of Shreveport, for appellant.

Chandler & Chandler, of Shreveport, for appellee.

DREW, Judge.

A. V. Moore was the owner of a herd of cattle. V. Williams, the third opponent herein, bargained with him to buy eighteen head of said cattle and a price was agreed upon. Early in the morning of December 23, 1935, Williams arrived at the home of Moore, in Arcadia, La., and, after helping him to milk the said cows, selected eighteen he wanted and marked them by dabbing them with paint. He then hired a public truck and loaded nine of the cows and they were delivered to his dairy in or near the city of Shreveport. The truck returned to Arcadia and the remaining nine head were loaded and carried to the dairy of Williams near Shreveport. The cows were selected by Williams in person; and the truck used to haul and deliver them was hired and paid for by him.

The price was agreed upon and $300 of the $675 was paid by Williams. It was the understanding between Williams and Moore that the remaining balance of $375 was to be paid that afternoon in the city of Shreveport, Williams having made arrangements to borrow it. He met Moore in Shreveport after the cows had all been delivered to his dairy, on the same afternoon, and informed him that the person who had agreed to loan him the $375 had failed him, and it was agreed between them that he would be allowed time in which to arrange this balance, which amount he did raise some four days later, when he paid in full for the cows.

In the late afternoon or early evening of the day the cows were delivered to Williams, S. J. Harmon, who held a judgment against Moore, seized the cows as the property of Moore, on Williams' premises. The seizure was made under a fi. fa. issued on a judgment held by Harmon against Moore, secured in the Twenty-Sixth judicial district court of Louisiana, in and for the parish of Bossier, and was directed to the sheriff of Caddo parish, La., for execution. The seizure was made under said fi. fa. on December 23, 1935, and the eighteen cows were advertised for sale. On January 9, 1936, Williams, by third opposition, filed a petition setting out the above facts and alleged he was the owner of the cows at the time of seizure. He prayed for a rule nisi on Harmon and the sheriff of Caddo parish, ordering them to appear and show cause why a preliminary injunction should not issue enjoining and restraining them from proceeding with the sale of said cows on January 22, 1936, the day they were advertised to be sold. He further prayed for final judgment perpetuating said injunction, and that he be recognized as the owner of the said eighteen head of cows; and further prayed

for judgment for attorney's fee in the sum of $100.

A rule nisi was issued, and Harmon and the sheriff of Caddo parish were ordered to show cause, as prayed for, on January 13, 1936.

Prior to the filing of the third opposition, Williams filed with the sheriff of Caddo parish, on December 27, 1935, a sworn certificate of ownership of the cows and asked that they be released from seizure. No answer appears to have been filed by the sheriff. Harmon answered the rule, denying that third opponent was the owner of the cattle, and set up as a further defense the following:

"16. Further answering your defendant shows that he has been informed, believes and therefore alleges that the said A. V. Moore brought the said described cattle to the Parish of Caddo for the purpose of there selling the same to V. Williams, and that the said cattle were to be paid for by said Williams at the time of delivery.

"17. Still further answering your defendant shows that no delivery of the cattle was made but that even though said cattle were located on the dairy of the said Williams that they were at all times in the custody, possession and control of the defendant, Moore.

"18. Defendant further shows that the price of said cattle had not been paid by said Williams to said Moore at the time of the seizure herein and that the title to said cattle belonged to and remained in the said Moore."

On the trial of the rule it was agreed that if any attorney's fees were due, they should be fixed at $67.50. It was also agreed that the case should be submitted on the merits on the same evidence adduced on the rule nisi. Under said agreement, the lower court rendered judgment for defendant in rule, rejected the demands of third opponent for a preliminary injunction and also rejected his demands for a permanent injunction, all at his cost.

The judgment was signed on January 17, 1936, and third opponent was granted a suspensive and devolutive appeal to this court and the amount of bond fixed. The appeal was perfected by the filing of a bond in accordance with said order on January 21, 1936. Notwithstanding the suspensive appeal had been granted, the sheriff of Caddo parish, La., held the sale on January 22, 1936, and the eighteen head of cows were adjudicated to S. J. Harmon, the judgment creditor of Moore.

In this court counsel for S. J. Harmon, one of the defendants in rule and appellee here, has filed the following motion to dismiss the appeal:

"Now into court, through undersigned counsel, comes S. J. Harmon, plaintiff and appellee in the above entitled cause, and shows the court that the appeal herein by V. Williams, third opponent, should be dismissed for the following reasons:

"1. That this proceeding is one for an injunction seeking to restrain the sheriff's sale advertised for January 22, 1936.

"2. That the lower court rendered a judgment in favor of mover rejecting the claim of third opponent for preliminary injunction and further rejecting his claim for a permanent injunction, which judgment was read and signed on January 17, 1936.

"3. Mover shows that third opponent applied for and was granted orders of suspensive and devolutive appeal to this court, but that no authority exists under the law of the State of Louisiana to grant a suspensive appeal in cases involving the refusal to issue an injunction and consequently, that third opponent's suspensive appeal should be dismissed.

"4. Mover shows that the sheriff's sale sought to be enjoined in this matter was held on January 22, 1936, as per certified copy of proces verbal of said sale annexed hereto and made part hereof.

"5. That consequently third opponent's devolutive appeal will avail him nothing, the act sought to be enjoined having already taken place and the question before the court having become moot; that therefore third opponent's devolutive appeal should be dismissed by this court.

"Wherefore, mover prays that this motion be fixed for argument in accordance with the rules of the court and that after due hearing, the said appeals in this cause be dismissed at appellant's cost; and for general relief."

 In support of the motion to dismiss, counsel relies upon section 5 of Act No. 29 of 1924 and certain cases dealing with or interpreting said act. It is unnecessary to cite or analyze said cases for they have no application to the one at bar. Each of them deals entirely with the right to a suspensive appeal where a preliminary injunction or restraining order is refused or granted.

They have no application to a case that has been decided on the merits.

The title of Act No. 29 of 1924, which reads as follows: "To regulate procedure and practice in and power of the courts of this State in respect to temporary restraining orders and preliminary writs of injunction," as well as the body of said act, is unambiguous, and it is clear that it only deals with the manner of and the rights of courts to grant temporary restraining orders and preliminary injunctions. It has no application to the right of suspensive appeal from the refusal or granting of a permanent injunction which necessarily is, as in this case, a decision on the merits and a definitive judgment. A refusal of a permanent injunction in this case was a definitive judgment which held that the sale of the cows from Moore to Williams, as claimed by Williams, was not a sale or that it was a nullity. Third opponent was entitled to a suspensive appeal under the following authorities: Agricultural Supply Co. v. Livigne, 177 La. 15, 147 So. 365; State ex rel. Lindsay v. Hemengway Furniture Co. (La.App.) 159 So. 183; Interstate Tax Bureau v. Conway, 180 La. 453, 454, 156 So. 463.

■ The fact that the sheriff proceeded with the sale after third opponent had perfected a suspensive appeal, which he was entitled to under the law, cannot now make the question involved in the case moot. If such were the case, any sheriff could nullify the right given by law to every one to enjoin the sale of his property when seized as that owned by some one else.

The motion to dismiss is without merit and is overruled.

■ Defendant in rule seriously contends that the sale from Moore to Williams of the eighteen head of cows was never completed for the reason the sale was a cash sale and the payment was not made simultaneously with delivery. The principle of law urged is no doubt sound, but the facts in this case clearly show that the sale was not, truly speaking a cash sale. Early in the morning of December 23, 1935, at Arcadia, La., Williams and Moore agreed upon the price of the cows, the eighteen head were selected by Williams from Moore's herd; they were marked and delivered to Williams in a truck, hired by Williams to transport them to Shreveport. Delivery was complete upon the cows being placed in the truck hired by Williams. The price was to be paid that afternoon in Shreveport. It was not to be paid simultaneously with the delivery in Arcadia. The courts of this state have repeatedly held, as to movable property, that the agreement to sell amounts to a sale between the parties, and the delivery completes it as to third persons. In this case, we have both the agreement and delivery prior to the seizure by Harmon. The sale here was not originally a cash sale. The term of credit was until the afternoon of December 23d and the place of payment, in Shreveport. However, the record clearly shows that when Williams was unable to secure the balance on the afternoon of the 23d, Moore granted him a few days' time within which to raise the money and made no attempt to repossess the cows. All of this was done either before the seizure was made or, at any rate, before either of them knew a seizure had been made. The sale and delivery of the cows was made prior to the time of seizure, and at the time of seizure Williams was the owner of the cows seized.

■ The lower court was in error in not granting the injunction both preliminary and permanent, and as prayed for by third opponent, Williams. The sale of said cows by the sheriff of Caddo parish is null and void. Third opponent is entitled to recover attorney's fees as damages for securing the release of his cows, which amount has been agreed upon, to wit, $67.50. Tilly v. Woodham (Ethridge-Atkins Corporation, Intervener) (La.App.) 163 So. 771; Turner v. Ratcliff (La.App.) 152 So. 379.

It therefore follows that the judgment of the lower court is reversed, and there is now judgment recognizing V. Williams as the owner of the eighteen head of cows involved in this suit; and the sheriff of Caddo parish, La., is ordered to restore same to his possession; and whether he can do so or not, the right of third opponent to proceed against said sheriff and S. J. Harmon to recover any and all damages arising from or incident to the illegal seizure and sale, is recognized and reserved to him.

It is further ordered, adjudged, and decreed that third opponent, Williams, do have and recover judgment against S. J. Harmon in the full sum of $67.50, as attorney's fees; costs of both courts to be paid by S. J. Harmon.